**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ROBERT S MITCHELL** **PETITIONER**
***ADC #119186***

**V.** **CASE NO. 4:23-cv-00742-LPR-JTK**

**BOARD OF CORRECTIONS, et. al** **RESPONDENT**

**ORDER**

Before the Court is Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 5) Mr. Mitchell's application shows that he has $29.75 in his prison account and that his average monthly balance is $27.39.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be completely destitute to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship. *Williamson*, 786 F.2d at 1338. With the information provided to the Court, Mr. Mitchell has not established that he is indigent or that paying the $5 filing fee would result in undue financial hardship. Accordingly, his Motion to Proceed *In Forma Pauperis* (Doc. No. 5) is DENIED.

If Mr. Mitchell wishes to proceed with this action, he must pay the applicable filing fee within thirty (30) days of the issuance of this Order. Failure to comply within the required period of time may result in summary dismissal of Mr. Mitchell's petition.

IT IS SO ORDERED this 31st day of October, 2023.

______________________________
UNITED STATES MAGISTRATE JUDGE