IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT S. MITCHELL**                                                    **PETITIONER**
ADC #119186

V.                       CASE NO:  4:23-CV-00742-LPR-JTK

**DEXTER PAYNE, DIRECTOR,**                                           **RESPONDENT**
ARKANSAS DIVISION OF CORRECTION

### BRIEF IN SUPPORT OF RESPONDENT DEXTER PAYNE'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

### I.  Introduction

Petitioner Robert Mitchell petitions this court for habeas relief from the computation of his parole and transfer eligibility dates.  Mitchell's petition is time-barred, his claim is procedurally defaulted, and, in any event, his claim is not a cognizable ground for habeas relief.  Accordingly, the petition must be dismissed.

### II. Facts and Procedural History

On September 10, 2019, Mitchell pleaded guilty in Hot Spring County Circuit Court to one count of first-degree battery, a Class B felony in violation of Ark. Code Ann. § 5-13-201 (Repl. 2013), and the sentencing enhancement for violent criminal group activity in violation of Ark. Code Ann. § 5-74-108 (Repl. 2016).  *See* Resp't Ex. A at 1.  The enhancement raised the classification of his battery from a Class B felony to a Class A felony.  Ark. Code Ann. § 5-74-108(b)

1

(Repl. 2016). As a habitual offender, he received a sentence of 17 years' imprisonment in the Arkansas Division of Correction ("ADC"). *See* Resp't Ex. B at 1.

While serving his sentence, Mitchell received a Time Computation Summary from the ADC in 2019 that reflected the classification of his battery as a Class A felony. Doc. 1 at 6. On February 3, 2023, Mitchell received a Time Computation Card that stated his battery was a Class Y felony. Doc. 1 at 7. Additionally, the ADC's computation of Mitchell's transfer and parole eligibility date changed from September 2, 2027, to March 2, 2036. Doc. 1 at 6-7.

This February 3, 2023 Time Computation Card stated that Mitchell's transfer and parole eligibility date was March 2, 2036, "as of" April 21, 2020. Doc. 1 at 7. Following that April 21, 2020, date, Mitchell requested and received a Time Computation Card on April 23, 2020, and July 30, 2021.[1] He did not take any action regarding the alleged miscalculation of his parole eligibility date until he filed a grievance with the ADC on March 16, 2023. Resp't Ex. D at 2. Ultimately, the Warden found Mitchell's grievance to be without merit on April 6, 2023. Resp't Ex. D at 1. Mitchell then filed another grievance on December 4,

---

[1] This information is from the record department at the East Arkansas Regional Unit, where Mitchell is currently incarcerated. If the Court requires, Respondent will have the records-keeper submit an affidavit swearing to the veracity of the information.

2

2023. Resp't Ex. E at 2. On December 29, 2023, the Warden again found Mitchell's grievance to be without merit.[2] Resp't Ex. E at 1.

Additionally, on May 9, 2023, Mitchell filed a state habeas corpus petition in Lee County Circuit Court. Resp't Ex. F at 3. The circuit court denied Mitchell's petition that same day. Resp't Ex. G. His current federal habeas petition was filed on August 10, 2023. Doc. 1 at 1.

### III.   The Habeas Petition

Respondent has endeavored to read Mitchell's habeas petition liberally and with an eye toward any statements that "encompass any allegation stating [a claim for] federal relief." *Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir. 1994) (citing *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976)). Mitchell alleges the ADC's altering his offense classification from a Class A felony to a Class Y felony and recalculating his transfer eligibility date deprived him of his Fifth Amendment due process rights. Doc. 1 at 2, 9-15. Additionally, he claims this was an ex post facto application of parole statutes not in effect at the time of his crime. His petition

---

[2] The Court should note that the ADC's rulings that Mitchell's parole eligibility date has been correctly calculated are premised on the fact that he was previously convicted of first-degree domestic battering. Resp't Ex. D at 1-5; Resp't Ex. E at 1, 4-5. It is not based on or related to the alleged reclassification of his offense from a Class A to a Class Y felony. Considering Mitchell's sentencing order is explicit in its classification of his offense as a Class A felony, Resp't Ex. B at 1, this alleged reclassification was merely a clerical error. Moreover, as Mitchell's Time Computation Cards make clear, this alleged reclassification did not alter the length of his sentence. Doc. 1 at 6-7.

3

should be denied and dismissed because it is untimely, his claim is procedurally defaulted, and, in any event, his claim is not a cognizable ground for federal habeas relief.

## IV.  Argument

### A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations governing the filing of federal habeas petitions by state prisoners, which runs from the latest of four specified dates.  28 U.S.C. § 2244(d)(1).  This case concerns the fourth of those: the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).

Mitchell's February 3, 2023 Time Computation Card stated that his parole and transfer eligibility date was March 2, 2036, "as of" April 21, 2020.  Doc. 1 at 7.  This indicates the change occurred, at the latest, on April 21, 2020.  Mitchell received a Time Computation Card two days later on April 23, 2020, and therefore could have discovered his current claim on that day.  Accordingly, Mitchell had from April 23, 2020, to April 23, 2021, to file his current petition.  He did not do so until August 10, 2023, and his petition is therefore untimely.

The question then becomes whether Mitchell is entitled to any tolling to excuse his tardiness.  Under AEDPA, a petitioner is entitled to tolling for the "time

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  Between April 23, 2020, and April 23, 2021, Mitchell filed no collateral review action regarding his claim.  While he filed a grievance with the ADC on March 16, 2023, and a state habeas petition on May 9, 2023, those could not toll the statute of limitations because it had already lapsed roughly two years earlier.  Resp't Ex. D at 2; Resp't Ex. F at 3.  Mitchell is therefore afforded no statutory tolling.

Further, Mitchell has shown no basis for equitably tolling the statute of limitations.  The United States Supreme Court has held that a federal habeas petitioner is entitled to equitable tolling if he shows he pursued his rights diligently and that some extraordinary circumstance external to him stood in his way and prevented timely filing.  *E.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Equitable tolling is an exceedingly narrow window of relief and proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.  *E.g.*, *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (quoting *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007)).  The burden of demonstrating grounds warranting equitable tolling rests with the petitioner.  *E.g.*, *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace*, 544 U.S. at 418).

Mitchell has not pursued his rights diligently. Although he received a Time Computation Card on April 23, 2020—two days after the changes he complains of took place—he did not take any action to challenge these changes until roughly two years later by filing his first grievance with the ADC, and he waited even longer to file his current habeas petition. Waiting years to bring forth a known claim in federal court prohibits a finding of diligence on the part of a habeas petitioner. *See e.g.*, *McQuiggin v. Perkins*, 569 U.S. 383, 391-92 (2013) (six-year delay between possession of new evidence and filing of federal habeas petition precluded finding of diligence). Consequently, Mitchell has failed to show the requisite diligence in pursuing his claims.

Likewise, Mitchell cannot point to any extraordinary circumstances beyond his control that made it impossible to file a petition on time. Insofar as he may invoke a lack of legal knowledge, "[p]risoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 S.Ct. 1124, 148 L.Ed.2d 991 (2001)). Accordingly, Mitchell is entitled to no tolling, and his petition should be dismissed as untimely.

## B.   Procedural Default

Were Mitchell able to show his claim is timely, his petition should still be dismissed because his claim is procedurally defaulted. Before a federal court may grant habeas relief to a state prisoner, that prisoner must exhaust the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). In other words, state prisoners must give the state courts one full and fair opportunity to resolve any issues by invoking one complete round of the State's established appellate review process, presenting any federal claims at every level of direct review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A claim is considered exhausted only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). When a habeas petitioner fails to meet a state procedural requirement for presenting a federal claim and no state remedies remain available by which to raise the claim, it is considered an exhausted but procedurally defaulted claim. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Welch v. Lund*, 616 F.3d 756, 758-60 (8th Cir. 2010) (failure to properly exhaust state court remedies leads to procedural default if state procedural rules preclude any further attempts at exhaustion).

The ADC has internal administrative procedures by which an inmate may challenge "actions related to incarceration/confinement which directly impact

them." Ark. Admin. Code 004.03.1-835; *see Early v. Crockett*, 2019 Ark. 274, at 4, 584 S.W.3d 247, 250.  A final decision in that administrative process could then be challenged by Mitchell pursuant to Arkansas's Administrative Procedure Act (APA) in circuit court.  *See Ruiz v. Felts*, 2017 Ark. 85, at 3-4, 512 S.W.3d 626, 628-29 (claim that extension of parole eligibility date was violative of ex-post-facto prohibition is cognizable under the APA); *Gregory v. Payne*, No. 5:18CV00266-JM-JTK, 2019 WL 3943857, at *3-4 (habeas petitioner must seek judicial review of administrative decisions related to parole via the APA).  Mitchell did not file any action in circuit court under the APA.  Accordingly, if that avenue is now closed to Mitchell, his claim is exhausted but procedurally defaulted.  *See* 28 U.S.C. § 2254(b); *Coleman*, 501 U.S. at 731-32; *Welch*, 616 F.3d at 758-60.

Mitchell cannot attempt to raise his claim under the APA.  He was required to file a petition under the APA "within thirty (30) days after service upon [him] of the agency's final decision[.]"  Ark. Code Ann. § 25-15-212(b)(1) (Supp. 2019).  Assuming, *arguendo*, that the two decisions from the Warden on April 6, 2023, and December 29, 2023, were final agency decisions, Mitchell was required to file a complaint under the APA by either May 6, 2023, or January 28, 2024.  Resp't Ex. D at 1; Resp't Ex. E at 1.  Both of those dates have passed, and Mitchell therefore has no avenue to raise his claim in Arkansas state court.  Accordingly, his claim is procedurally defaulted.

Mitchell cannot establish any cause and prejudice by which to forgive his procedural default. *See Coleman*, 501 U.S. at 751. In order to show cause for the default, a petitioner must show some objective factor external to the defense impeded his ability to raise the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Objective factors include "interference by officials that makes compliance with the state's procedural rule impractical, and a showing that the factual or legal basis for the claim was not reasonably available." *Id*. There was no interference by government officials here, and the factual basis for Mitchell's claim has been readily available to him since April of 2020. He can establish no cause or prejudice to excuse his default, and his petition should therefore be dismissed.

**C.   Cognizability**

Were Mitchell able to show his petition is timely and his claim is not procedurally defaulted, his petition nonetheless should be dismissed because his claim is not cognizable. The central focus of the writ of habeas corpus is to provide a remedy for prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate or a speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). If a prisoner is not challenging the validity of his conviction or the length of his detention, then a writ of habeas

corpus is not the proper remedy. *E.g.*, *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

Mitchell is not claiming that he is entitled to an immediate or speedier release. His claim is merely that he should be parole or transfer *eligible* at a sooner date. Doc. 1 at 14-15 (requesting he be allowed to go before the Parole Board "as he is/was scheduled to go"). In Arkansas, parole or transfer from the ADC is purely discretionary. *See Wood v. Arkansas Parole Board*, 2022 Ark. 30, at 5-6, 639 S.W.3d 340, 344. Because of this discretion with the Parole Board, Mitchell's claim would not necessarily spell speedier release, and it therefore does not "lie[] at the 'core of habeas corpus.'" *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (citing *Preiser*, 411 U.S. at 489). As was the case for the petitioners in *Wilkinson*, "[s]uccess for [Mitchell] does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed *consideration* of a new parole application." *Id*. Accordingly, Mitchell's claim is not cognizable in federal habeas, and his petition should be dismissed.

## V. Conclusion

The Court should dismiss Mitchell's petition, and Respondent requests leave to plead further in the event that the Court holds the merits of Mitchell's petition may be reached.

Respectfully submitted,

TIM GRIFFIN
Attorney General

BY: WALKER K. HAWKINS
Arkansas Bar # 2018148
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 7220l
(501) 682-8112 [phone]
(501) 682-2083 [fax]
walker.hawkins@arkansasag.gov
**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

I, Walker K. Hawkins, hereby certify that on February 7, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy of the document and its exhibits, along with a copy of the Notice of Electronic Filing, by U.S. Mail, postage prepaid, to the following non CM/ECF participant:

Mr. Robert S. Mitchell
ADC#119186
East Arkansas Regional Unit
P.O. Box 970
Marianna, AR 72360

/s/Walker K. Hawkins
Walker K. Hawkins