# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ROBERT S MITCHELL**                                                                 **PETITIONER**

**V.**                          **CASE NO. 4:23-cv-00742-LPR-JTK**

**DEXTER PAYNE,**
*Director, Arkansas Division of Correction*                              **RESPONDENT**

## RECOMMENDATION TO DENY MOTION TO DISMISS

**I.     Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Lee P. Rudofsky. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

On September 10, 2019, Robert Mitchell pleaded guilty in Hot Spring County, Arkansas Circuit Court to first-degree battery, which is a Class B felony. He received a sentencing enhancement which raised the classification from a Class B felony to a Class A felony and was sentenced to 17 years imprisonment in the Arkansas Division of Correction ("ADC") as a habitual offender.

On August 10, 2023, Mr. Mitchell filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1) In his petition, Mr. Mitchell is challenging a time card calculation he

received on February 3, 2023, which changed his parole/transfer eligibility ("TE") date from September 2, 2027 to March 2, 2036.

On February 7, 2024, Respondent filed a Motion to Dismiss Mr. Behr's petition and accompanying Brief in Support (Doc. Nos. 11, 12), arguing primarily, that the petition is time-barred. Alternatively, Respondent is arguing that the claims in the petition are procedurally defaulted and that the claims are non-cognizable. However, Respondent goes on to say that in the event this motion is denied, he is requesting leave to plead further.

On June 5, 2024, Mr. Mitchell filed a Response in Opposition to Respondent's Motion to Dismiss (Doc. No. 16), which the Court has also reviewed.

### III. Discussion:

Pursuant to Rule 5 of the Rules Governing § 2254 Cases, a motion to dismiss is generally not an appropriate pleading in response to a petition for a writ of habeas corpus. See Rule 5 of the RULES GOVERNING SECTION 2254 CASES IN THE DISTRICT COURTS note (Answer) (citing *Chavez v. Morgan*, 932 F. Supp. 1152, 1152-53 (E.D. Wis. 1996)). The appropriate response is an "answer," which must address each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez*, 932 F. Supp. at 1153.

While pre-answer motions are "permitted" under Rule 5, the advisory committee's note to the 2004 amendment makes clear that this is practice that is adopted by "some districts." The permissive use of this practice, therefore, is determined by the Court in question.

As other district courts have contemplated, additional information that is provided by a formal response, rather than a motion to dismiss, "enable the Court to accurately review the procedural history of the case in order to determine whether the petitioner has exhausted his state

court remedies and/or procedurally defaulted with respect to any or all of his claims." *Chavez*, 932 F. Supp. at 1153. In this case, for example, even if it was clear that Petitioner had procedurally defaulted on his claims, or failed to exhaust his state court remedies, "such documents are often critical to determining whether 'cause' and 'prejudice,' or 'actual innocence', exist to excuse the default." *Id.* Additionally, more information is needed in order for the Court to address Respondent's statute of limitations argument: for example, Respondent only addresses when Mr. Mitchell's TE date was recalculated according to the date stamp on the document, not the procedure for how or when this type of information is distributed or made available to inmates (i.e., when, exactly, Mr. Mitchell actually knew or had the opportunity to know that it had been recalculated).[1]

While Rule 5 of the Habeas Rules does allow for a motion to serve as an appropriate response in certain circumstances, a complete responsive pleading is required in this case.

For the reasons set forth above, it is recommended that Respondent's Motion to Dismiss (Doc. No. 11) be denied. Further, the Court is recommending that Respondent be required to file its response in its entirety within 30 days, addressing all claims and arguments made in Mr. Mitchell's petition (Doc. No. 1), as well as in his response to the motion to dismiss (Doc. No. 16). At that time, the Court will conduct a full review of the petition and response and issue its recommendation regarding the disposition of the case.

---

[1] Respondent notes that Mr. Mitchell "requested and received a Time Computation Card on April 23, 2020" and uses that date as the commencement of the statute of limitations for his claims. (Doc. No. 12 at p. 2) However, Respondent does not provide any documentation that confirms this. Additionally, Mr. Mitchell challenges this fact in his response to the motion, stating that although he did receive a time computation card on that date, it did not reflect the change in TE date that is being challenged in his petition. Mr. Mitchell asserts that the alleged miscalculation in parole eligibility did not occur until February 3, 2023. (Doc. No. 16 at p. 6, 7, 14-18)

DATED this 9th day of September, 2024.



_____
UNITED STATES MAGISTRATE JUDGE