IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT SHAWN MITCHELL**                                                    **PETITIONER**

**V.**                    **CASE NO. 4:23CV00742 LPR-JTK**

**DEXTER PAYNE, Director,**
 **Arkansas Division of Correction**                                    **RESPONDENT**

### RESPONSE TO PETITION
### FOR WRIT OF HABEAS CORPUS[1]

Comes now the respondent, Dexter Payne, Director, Arkansas Division of Correction, by and through counsel, Tim Griffin, Attorney General, and Walker K. Hawkins, Assistant Attorney General, and for his response, states:

### I. Introduction

Petitioner Robert Mitchell petitions this court for habeas relief from the computation of his parole and transfer eligibility dates. Mitchell's claim is procedurally defaulted, and, in any event, his claim is not a cognizable ground for habeas relief. Accordingly, the petition must be denied and dismissed.

---

[1] This Court ordered Respondent to include relevant documents or information in the "answer, motion or other response to the petition." DN 9 at 1-2. Respondent included the relevant materials in its previously filed Motion to Dismiss. DN 12-1; DN 12-2; DN 12-3; DN 12-4; DN 12-5; DN 12-6; DN 12-7. Since they are already in the record, Respondent will not include them here.

## II. Facts and Procedural History

On September 10, 2019, Mitchell pleaded guilty in Hot Spring County Circuit Court to one count of first-degree battery, a Class B felony in violation of Ark. Code Ann. § 5-13-201 (Repl. 2013), and the sentencing enhancement for violent criminal group activity in violation of Ark. Code Ann. § 5-74-108 (Repl. 2016). *See* DN 12-1 at 1. The enhancement raised the classification of his battery from a Class B felony to a Class A felony. Ark. Code Ann. § 5-74-108(b) (Repl. 2016). As a habitual offender, he received a sentence of 17 years' imprisonment in the Arkansas Division of Correction ("ADC"). *See* DN 12-2 at 1.

While serving his sentence, Mitchell received a Time Computation Summary from the ADC in 2019 that reflected the classification of his battery as a Class A felony. DN 1 at 6. On February 3, 2023, Mitchell received a Time Computation Card that stated his battery was a Class Y felony. DN 1 at 7. Additionally, the ADC's computation of Mitchell's transfer and parole eligibility date changed from September 2, 2027, to March 2, 2036. DN 1 at 6-7.

This February 3, 2023 Time Computation Card stated that Mitchell's transfer and parole eligibility date was March 2, 2036, "as of" April 21, 2020. DN 1 at 7. He filed a grievance with the ADC on March 16, 2023. DN 12-4 at 2. Ultimately, the Warden found Mitchell's grievance to be without merit on April 6,

2

2023.  DN 12-4 at 1.  Mitchell then filed another grievance on December 4, 2023.  DN 12-5 at 2.  On December 29, 2023, the Warden again found Mitchell's grievance to be without merit.  DN 12-5 at 1.

Additionally, on May 9, 2023, Mitchell filed a state habeas corpus petition in Lee County Circuit Court.  DN 12-6 at 3.  The circuit court denied Mitchell's petition that same day.  DN 12-7.  His current federal habeas petition was filed on August 10, 2023.  DN 1 at 1.

### III.   The Habeas Petition

Respondent has endeavored to read Mitchell's habeas petition liberally and with an eye toward any statements that "encompass any allegation stating [a claim for] federal relief."  *Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir. 1994) (citing *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976)).  Mitchell alleges the ADC's altering his offense classification from a Class A felony to a Class Y felony and recalculating his transfer eligibility date deprived him of his Fifth Amendment due process rights.  DN 1 at 2, 9-15.  Additionally, he claims this was an ex post facto application of parole statutes not in effect at the time of his crime.  His petition should be denied and dismissed because his claim is procedurally defaulted and, in any event, his claim is not a cognizable ground for federal habeas relief.

3

## IV.   Argument

### A.   Procedural Default

Mitchell's petition should be denied and dismissed because his claim is procedurally defaulted. Before a federal court may grant habeas relief to a state prisoner, that prisoner must exhaust the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A). In other words, state prisoners must give the state courts one full and fair opportunity to resolve any issues by invoking one complete round of the State's established appellate review process, presenting any federal claims at every level of direct review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A claim is considered exhausted only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). When a habeas petitioner fails to meet a state procedural requirement for presenting a federal claim and no state remedies remain available by which to raise the claim, it is considered an exhausted but procedurally defaulted claim. *See* 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Welch v. Lund*, 616 F.3d 756, 758-60 (8th Cir. 2010) (failure to properly exhaust state court remedies leads to procedural default if state procedural rules preclude any further attempts at exhaustion).

The ADC has internal administrative procedures by which an inmate may challenge "actions related to incarceration/confinement which directly impact them." Ark. Admin. Code 004.03.1-835; *see Early v. Crockett*, 2019 Ark. 274, at 4, 584 S.W.3d 247, 250. A final decision in that administrative process could then be challenged by Mitchell pursuant to Arkansas's Administrative Procedure Act (APA) in circuit court. *See Ruiz v. Felts*, 2017 Ark. 85, at 3-4, 512 S.W.3d 626, 628-29 (claim that extension of parole eligibility date was violative of ex-post-facto prohibition is cognizable under the APA); *Gregory v. Payne*, No. 5:18CV00266-JM-JTK, 2019 WL 3943857, at *3-4 (habeas petitioner must seek judicial review of administrative decisions related to parole via the APA). Mitchell did not file any action in circuit court under the APA. Accordingly, if that avenue is now closed to Mitchell, his claim is exhausted but procedurally defaulted. *See* 28 U.S.C. § 2254(b); *Coleman*, 501 U.S. at 731-32; *Welch*, 616 F.3d at 758-60.

Mitchell cannot attempt to raise his claim under the APA. He was required to file a petition under the APA "within thirty (30) days after service upon [him] of the agency's final decision[.]" Ark. Code Ann. § 25-15-212(b)(1) (Supp. 2019). Assuming, *arguendo*, that the two decisions from the Warden on April 6, 2023, and December 29, 2023, were final agency decisions, Mitchell was required to file a complaint under the APA by either May 6, 2023, or January 28, 2024. Resp't

Ex. D at 1; Resp't Ex. E at 1. Both of those dates have passed, and Mitchell therefore has no avenue to raise his claim in Arkansas state court. Accordingly, his claim is procedurally defaulted.

Mitchell cannot establish any cause and prejudice by which to forgive his procedural default. *See Coleman*, 501 U.S. at 751. In order to show cause for the default, a petitioner must show some objective factor external to the defense impeded his ability to raise the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Objective factors include "interference by officials that makes compliance with the state's procedural rule impractical, and a showing that the factual or legal basis for the claim was not reasonably available." *Id*. There was no interference by government officials here, and the factual basis for Mitchell's claim has been readily available to him since, at the latest, February 3, 2023, as evidence by his filing ADC grievances related to the claim. He could have timely pursued his grievances under the APA but did not.

Nor can Mitchell establish actual innocence to excuse his procedural default. Under the actual-innocence exception to the procedural-default rule, a habeas petitioner who pleaded guilty must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Bousley v. U.S.*, 523 U.S. 614, 623 (1998). Mitchell has not claimed actual

innocence at any point, whether in his petition or his response to Respondent's Motion to Dismiss. *See* DN 1; DN 16. Indeed, his claim is premised, at least in part, on the fact that he is guilty—he wants his parole eligibility to be determined based on the statute in effect at the time of the crime. Had he not committed the crime at all, he would not be seeking to have his parole determined based on the date the crime was committed—he would be asking for his conviction to be reversed. He can establish no cause or prejudice to excuse his default, and his petition should therefore be denied and dismissed.

**B.  Cognizability**

In any event, Mitchell's petition should be denied and dismissed because his claim is not cognizable. A federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam). The central focus of the writ of habeas corpus is to provide a remedy for prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate or a speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). If a prisoner is not challenging the validity of his conviction or the length of his detention, then a writ of habeas corpus is not the proper remedy. *E.g., Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

Mitchell is not claiming that he is entitled to an immediate or speedier release. While he alleges that his sentence was modified by the ADC's reclassifying his offense from a Class A felony to a Class Y felony, his time computation card clearly shows his sentence was and remains 204 months. DN 1 at 6-7, 13. Accordingly, his sentence has not changed at all.

Instead, his claim is merely that he should be parole or transfer *eligible* at a sooner date, arguing his due process rights have been violated. DN 1 at 14-15 (requesting he be allowed to go before the Parole Board "as he is/was scheduled to go"). However, Mitchell has no due process right to parole eligibility because, in Arkansas, parole or transfer from the ADC is purely discretionary. *See Wood v. Arkansas Parole Board*, 2022 Ark. 30, at 5-6, 639 S.W.3d 340, 344; *Hamilton v. Brownlee*, 237 Fed.Appx. 114, 115 (8th Cir. 2007) ("Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions"); *Parker v. Corrothers*, 750 F.2d 653, 657 (8th Cir. 1984) (Arkansas parole statutes do not create a liberty interest because they provide that the parole board "may" revoke or grant parole instead of "shall" revoke or grant parole); *Pennington v. Kelley*, No. 5:19-CV-00067-SWW-JTK, 2019 WL 4073377, at *3 (E.D. Ark. Aug. 12, 2019) ("States may create a liberty interest in parole; however, the State of Arkansas has

not… Accordingly, Petitioner's parole eligibility claim must be dismissed as it is not cognizable in federal habeas.").

Further, because of this discretion with the Parole Board, Mitchell's claim would not necessarily spell speedier release, and it therefore does not "lie[] at the 'core of habeas corpus.'" *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (citing *Preiser*, 411 U.S. at 489). As was the case for the petitioners in *Wilkinson*, "[s]uccess for [Mitchell] does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed *consideration* of a new parole application." *Id*. Accordingly, Mitchell's claim is not cognizable in federal habeas, and his petition should be denied and dismissed.

        Respectfully submitted,

        TIM GRIFFIN
        Attorney General

        By: /s/ Walker K. Hawkins
        WALKER K. HAWKINS
        Arkansas Bar No. 2018148
        Assistant Attorney General
        323 Center Street, Suite 200
        Little Rock, Arkansas 72201
        (501) 682-8112 [phone]
        (501) 682-2083 [fax]
        walker.hawkins@arkansasag.gov

        **ATTORNEYS FOR RESPONDENT**

## **CERTIFICATE OF SERVICE**

    I, Walker K. Hawkins, hereby certify that on October 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy of the document, along with a copy of the Notice of Electronic Filing, by U.S. Mail, postage prepaid, to the following non CM/ECF participant:

Robert Shawn Mitchell
East Arkansas Regional Unit
P.O. Box 180
Brickeys, AR 72320

                                                     /s/ Walker K. Hawkins
                                                     WALKER K. HAWKINS