FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 12 2024
TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
"CENTRAL DIVISION"

Robert S. Mitchell                    PETITIONER

V.        CASE #: 4:23-CV-742-LPR-JTK

Dexter Payne, DIRECTOR        RESPONDENT

### MOTION TO FILE WRITTEN OBJECTION TO DEXTER PAYNE'S ANSWER TO COMPLAINT FOR WRIT OF HABEAS CORPUS.

## 1. INTRODUCTION

COME NOW THE PETITIONER ROBERT S. MITCHELL IN HIS PRO SE COMPACITY MOTIONING THIS COURT TO FILE HIS WRITTEN OBJECTION TO THE "ANSWER" OF HIS PETITION FOR WRIT OF HABEAS CORPUS RELIEF FROM AN ILLEGAL SENTENCING ENHANCEMENT.

MITCHELL'S PETITION IS NOT TIMELY BARRED, HIS CLAIM IS COGNIZABLE GROUND FOR HABEAS, HIS CLAIM IS NOT PROCEDURALLY

DEFAULTED. ACCORDINGLY,
THE PETITION SHOULD NOT BE DISMISSED

---

PETITIONE HAS INCLUDED EXHIBITS
IN WRITTEN OBJECTION, ALON WITH DOCUM-
ENT NUMBERS THAT ARE ALREADY IN
PETITION. DN 3, 6 AT 1,2, ,12-1 AT 1,2,
12-2 AT 1,2, , 12-4 AT 3,4

## II. FACTS AND PROCEDURAL HISTORY

ON SEPT. 10, 2019 MITCHELL PLEADED GUILTY IN HOT SPRING COUNTY CIRCUIT COURT. TO ONE COUNT OF 1ST DEGREE BATTERY, A CLASS "B" FELONY IN VIOLATION OF ARK. CODE ANN 5-13-201, AND THE SENTENCING ENHANCEMENT FOR VIOLENT CRIMINAL GROUP ACTIVITY IN VIOLATION OF ARK. CODE ANN. 5-74-108 (b). THE ENHANCEMENT RAISED THE CLASSIFICATION OF [HIS] BATTERY FROM A CLASS (B) TO A CLASS (A) FELONY.

AS A HABITUAL OFFENDER HE RECIEVED A 17 YEAR SENTENCE OF IMPRISONMENT, WITH THE AGREEMENT AND UNDERSTANDING HE WAS ENTERING SUCH A NEGOCIATED PLEA BECOUSE THE COURT WAS ONLY ORDERING HIM TO SERVE 1/3 TO 1/2 OF HIS SENTENCE, PURSUANT TO THE LAW'S IN EFFECT THAT GOVERNED THE HABITUAL OFFENDERS ACT § 5-4-501 (b) OF 2019.

TO CHARGE AND/OR ALTER SUCH A ORDER WOULD VIOLATE COURT RULES AND MAKE THE NEGOCIATED PLEA NOLLE AND VOID, SUBJECT TO "REVERSE AND REMAND".

(SEE) DOCUMENTS
12-1 AT 1,2
12-2 AT 1,2

_____

Agian addressing THE ISSUE THAT
A DEFENDENT DOES NOT COME TO THE
DIVISON OF CORRECTIONS TO BE SENTENCED
OR RESENTENCED BY THE DIVISON OF CORR-
ECTIONS, THE CONSTITUTION INFACTPRO-
HIBITS SUCH ACTS;

AND TO DO SO IS A VIOIATION OF
THE SEPERATION OF POWER ACT
EVERY JUDGEMENT OR degree SHALL
BE SETForTH ON A SEPERATE DOCUMENT
(CIV. R. 58) A JUDGEMENT IS ONLY
EFFECTIVE WHEN SET AND ENTERED AS
PROVIDED IN ADMIN. ORDER #2,

FURTHERMORE IN REGAURDS TO
ADDRESSING THE PERCENTAGE % OF TIME
ORDERED TO SERVE PURSUANT TO THE

LAW'S THAT WAS IN EFFECT AT THE TIME THE CRIME WAS COMMITTED, AND/OR PAROLE STATUTE LESS FAVORABLE TO ONE (1) WHO HAD BEEN SENTENCE PRIOR TO ITS PASSAGE.

WE AGAIN REFER TO;

(SEE) ROGER V. ARK. DEPT OF CORR. 2022 ARK. 19 638 S.W. 3d 265);

(SEE) CASE V. STATE NO. 08-244 ARK. 5-15-2008 (ARK. SUPP.)
ALSO, BOLES V. HUCKABEE 340 ARK, 410 12 S.W 3d 201;

(SEE) TIMMIONS V KELLY 562 S.W. 3d 824 (ARK. 2018)

PURSUANT TO THE FOREGOING REASONS, THE DIVISION OF CORRECTIONS MUST ADHEAR TO THE COURT ORDER, TERMS OF THE NEGOCIATED PLEA, AND DETERMIN PAROLE ELIGIBILITY BASED UPON THE LAW'S THAT WAS IN EFFECT AT THE TIME

THE OFFENSE WAS COMMITTED, TO DO OTHERWISE WOULD BE A CLEAR BLATANT VIOLATION OF ARTICLE 2§17 OF THE ARKANSAS CONSTITUTION

INCONCLUSION AND REGAURDS TO THE % DETERMINATION, THE HABITUAL OFFENDER ACT (2019) 5-4-501 §(b) DOES NOT ALLOW FOR THE OFFENDER TO SERVE 100%, IT MERELY ALLOWS FOR THE NUMBER OF YEARS TO BE ENHANCED.

(SEE) (2019) 5-4-501 §(b)(2)(B) — FOR A CONVICTION OF A CLASS (A) FELONY, A TERM OF IMPRISONMENT OF NOT LESS THEN (6) SIX YEARS NOR MORE THEN (60) SIXTY.

(SEE) (2019) 5-4-501 (HISTORICAL AND STATUTORY NOTES)
    "IN (2011) ACT OF 2011, ACT 570 §§ 19 AND 20, AMENDED THE SECTION BY SUBSTITUTING "§ 16-93-615" FOR "§16-93-1302"

(SEE) LAWRENCE V. STATE 2022 ARK. APP. NOV. 16 2022

(SEE) (2019) 5-4-501 § (d)(1) — A DEFENDENT WHO
IS CONVICTED OF A FELONY INVOVING VIOLENCE
ENUMERATED IN SUBSECTION (d)(2) OF THIS
SECTION AND WHO "PREVIOUSLY" [HAS] BEEN
[CONVICTED] OF TWO(2) OR MORE OF THE
FELONIES INVOIVING VIOLENCE ENUMERATED
IN SUBSECTION (d)(2) OF THIS SECTION MAY
BE SENTENCED TO PAY ANY FINE AUTHORIZED
BY LAW FOR THE FELONY INVOIVING VIOLENCE
CONVICTED AND [SHALL] BE SENTENCED TO
AN EXTENDED TERM OF IMPRISONMENT
[WITHOUT] Eligibility FOR PAROLE OR
COMMUNITY CORRECTION TRANFER
EXCEPT UNDER § "16-93-615"

(SEE) FOR A CLASS (A) FELONY UNDER
(2019) 5-4-501 § (d)(1)(B) — FOR A CON-
VICTION OF A CLASS (A) FELONY, A TERM
OF IMPRISONMENT OF [NOT LESS] THEN
FORTY (40) YEARS NOR NO MORE THEN [LIFE]

        COURT RECORDS OF PRIOR AND, PRESENT
JUDGEMENTS AGAINST Mr. MITCHELL WILL
CLEARIY REFLECT, AT THE TIME THE CRIME WAS
COMMITTED AS WELL AS SENTENCING, THE

DEFENDENT HAD NOT BEEN [PREVIOUSLY]
CONVICTED OF TWO(2) OR MORE SEPERATE
FELONIES INVOLVING VIOLENCE)
(SEE) DN 12-1 At 1,2 — 12-2 At 1,2


THUS MR. MITCHELL DID NOT MEET
THE LEGAL STANDARDS NEEDED TO AUTHORIZE
HIM TO BE SENTENCED At 100% WITHOUT
THE Eligibility OF PAROLE OR COMMUNITY
PUNISHMEN TRANSFER

## FACTS At A, B, C

A) A JURY WOULD NOT HAVE SENTENCED
Mr. MITCHELL TO 5-4-501 § (d) (100%)
HE DID NOT MEET THE LEGAL REQUIREMENT

B) NOR WOULD A JURY SENTENCE MR. MITCH
ELL TO THE ILLEGAL SENTENCE BECOUSE
IT WAST EFFECTIVE UNTIL 4-27-21
(SEE) ACT 1805, ACT 946 OF 2021, STATUTE "16-93-609"
EXHIBIT   1, 2

C) NOR HAS Mr. MITCHELL EVER BEEN
CONVICTED OF THE OFFENSE OF POSSE-
SSION OF A [FIREARM] BY CERTAIN

PERSON UNDER CERTAIN CIRCUMSTANCES.
(QUOTING) Act 946 OF 2021 STATUTE "16-93-609"
EXHIBIT __1__ , __2__

THEREFORE, MR. MITCHELL'S DUE PROCESS
RIGHTS, EQUAL PROTECTION CLAUSE HAVE BEEN VIOLATED
AND THE LEGAL STANDARDS NEEDED TO AUTHORIZE
[HIM] TO AN ENHANCEMENT SENTECE

Act 1805, ACT 946 OF 2021 [HAS] [R]ENDERED
Mr. MITCHELLS SENTENCING ORDER, PLEA AGREE-
MENT WHICH MAKES FACIALLY INVALID, THIS
IS CAUSE FOR THE ISSUANCE OF THIS WRIT
OF HABEAS CORPOS
(REVERSE AND REMAND)

ARK. CODE ANN. § 16-90-103 (1997)

PROVIDES AS FOLLOWED;

All SENTENCES MADE, [RENDER], OR PRO-
NOUNCED BY ANY OF THE COURTS OF THE
STATE AGAINST ANYONE WITHOUT ACTUAL
CONSTRUCTIVE NOTICE, AND PROCEEDINGS HAD UNDER
SUCH SENTENCES [SHALL] BE ABSOLUTELY NULLE AND [V]OID.

FURTHERMORE DOCUMENT 12-4 At 3-4 CLEARLY INDICATES IN PAGE 1 OF 2 SENTENCING SUMMARY, AND PAGE 2 OF 2 COMMENTS,

THIS MISCALCULATION WAS NEVER EVEN ENTERED INTO THE SYSTEM UNTIL 1-13-23 BETWEEN 1:42:38 P.M. AND 1:43:00 P.M.,

WHEN IT WAS OFFICIALLY ENTERED INTO THE SYSTEM BY CENTRAL OFFICE ADMIN. RECORDS DEPARTMENT USER: S. MARONEY LMM1-TCF CORRECTED TO REFLECT 100%

THIS SHOWING THE ALLEGATIONS ACCRUING MITCHELL OF HAVING OPPERTUNITY TO ADDRESS THE ISSUE PRIOR, AND ARE UNTRUE AND greatly APPEARS TO BE AN ATTEMPT TO LIE AND MANIPULATE THE JUSTICE SYSTEM.

DN 12-6 AT 9    TIME CARD

THIS (TIME CARD) COMPUTATION SUMMARY CARD INFACT REFLECTS THE MISCALCULATION WAS UNAVAILABLE TO BE DISCOVERED BY MITCHELL UNTIL Feb 3, 2023, (9 DAYS AFTER "NOTICE OF HEARING" TO PUT PAROLE PLAN IN)(SEE) DN 1-0 At 16

## III. THE HABEAS PETITION

THE PETITIONER ALLAGATIONS ARE THAT ARK. DEPT. OF CORRECTION PLACED [HIM] UNDER AN ILLEGAL [SENTENCE] ENHANCEMENT ACT 1805, "ACT 946" OF 2021 STATUTE [16-93-609] THAT DOES NOT SO REFLECT ON [HIS] SENTENCING ORDER AND/OR PLEA AGREEMENT (SEE) EXHIBIT 1, 2 DN 12-1 AT 1, 2 — DN 12-2 AT 1-2

ON ITS FACE, THUS DEPRIVES THE PETITIONER OF [HIS] EQUAL PROTECTION CLAUSE, [HIS] PROTECTED RIGHTS, AND IS A CLEAR AND BLATANT VIOLATION, AND THE DUE PROCESS CLAUSE OF THE 14 AMENDMENT

THE PETITIONERS CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED, WHICH WHAT A HABEAS CORPUS IS INTENDED FOR. PETITIONER CLAIM IS NOT PROCEEDURELY DEFAULTED AND HAS COGNIZABLE CLAIM, WHEN THE FOREGOING PRESENTED EVIDENCE VERIFIES THE TRUE AND CORRECT REFLECTIONS (REVERSE AND REMAND)

WHEN A PRISONER IS CHALLENGING THE [VALIDITY] OF [HIS] CONVICTION OR THE LENGHT OF [HIS] DETENTION, THEN A WRIT OF HABEAS CORPUS IS THE PROPER REMEDY

ACCORDINGLY, PETITIONERS CLAIM IS COGNIZABLE IN FEDERAL ~~COURT~~ HABEAS CORPUS, SUCCESS FOR PETITIONER WILL lead [HIM] TO A SHORTER STAY IN PRISON AND/OR IMMEDIATE RELEASE FROM THE ILLEGAL [SENTENCE] ENHANC-MENT.

EXHIBIT 1, 2

# IV ARGUMENTS

PETITIONERS PETITION SHOULD NOT
BE DENIED, DISMISSED, OR PROCEEDURALLY
DEFAULTED

1). PETITIONERS GRIEVANCE #: EA-23-00144
WAS FULLY EXHAUSTED BY ADMIN, AND WAS
TIMELY FROM LAST REQUEST 3-1-23
(SEE) EXHIBIT ___6___, WHICH WAS 13 DAYS
BEFORE GRIEVANCE PROCESS ON 3/14/23
(SEE) EXHIBIT ___5___

    "WHEN AN INMATE PURSUES THE
PRISON GRIEVANCE PROCESS TO ITS FINAL
STAGE [DIRECTOR]" AND RECIEVES AN "ADVERSE
DECISION ON THE [M]ERITS, EVEN IF THE
DECISIONMAKER COULD HAVE DECLINED TO
REACH THE MERITS BECAUSE OF ONE OR
MORE [PROCEEDURAL] DEFICIENCIES.
    A COMPLETE ADMINISTRATIVE RECORD
EXIST, AND A REVIEWING [C]OURT WILL
HAVE THE BENEFIT OF THE AGENCY'S
INSTITUTIONAL PERSPECTIVE.
(SEE) HAMMETT V. COFIELD 681 F.3d 945, 947-48
(SEE) BURNS V EATON 752 F.3d 1136, 1144

2) PETITIONER HAS FILED [HIS] STATE HABEAS CORPUS WITH IN THIRTY (30) DAYS FROM THE FINAL DECISION OF GRIEVANCE (SEE) ARK. CODE ANN. § 25-15-212(b)(1) (Supp. 2019)

A) FINAL DECISION ON 4-21-23 EXHIBIT 5

B) STATE HABEAS CLAIM ON 5-9-23 EXHIBIT 3 CASE # 39CV-23-34 (EXHAUSTED)

C) FEDRAL STATE HABEAS ON AUG, 10, 2023

CASE # 4:23-CV-00742-LPR-JTK (SEE) DN 3 DN 6 AT 1, 2

THEREFORE THE PETITIONER HAS GIVEN THE STATE COURTS ONE (1) FULL FAIR OPPORTUNITY UNDER U.S.C. § 2254(b)(1)(A)

# CONCLUSION

THE PETITIONER HEREIN MOVES AND PRAYS THAT THIS COURT ACCEPTS THIS WRITTEN OBJECTION TO DEXTER PAYNE'S "ANSWER" TO DENY PETITIONERS WRITTEN COMPLAINT OF HABEAS CORPUS MOTION TO grant [SPEEDIER] RELIEF FOR PETITIONER

FURTHERMORE, PETITIONER HEREIN ASK AND PRAYS THAT THIS COURT WOULD MAKE A DECLARATORY JUDGEMENT THAT IT DEEMS JUST AND PROPER

I ROBERT S. MITCHELL #119186 DO SOMOLEY SWEAR UNDER THE PENALTY OF PURJURY THAT THE CONTENTS OF THIS WRITTEN OBJECTION TO DEXTER PAYNE'S ANSWER, IS TRUE AND CORRECT TO THE BEST OF MY ABILITY AND KNOWLEDGE SO HELP ME GOD!

Respectfully Submitted

DATE: NOV. 6, 2024      x Robt S Mitchell

STATE OF ARK.

COUNTY OF LEE

SUBSCRIBED AND SWORN TO
BEFORE ME ON THIS 6th DAY
OF November 2024

Alice Wallen

NOTARY

3-06-2028

EXP. 5

15 OF 15

**AR LEGIS 946 (2021)**
2021 Arkansas Law s Act 946 (S.B. 300)   *(Approx. 2 pages)*

**2021** Arkansas Laws **Act 946** (S.B. 300)

ARKANSAS **2021** SESSION LAWS

93rd GENERAL ASSEMBLY, REGULAR SESSION, **2021**

Additions are indicated by **Text**; deletions by

~~Text~~ .

Vetoes are indicated by ~~Text~~ ;

stricken material by ~~Text~~ .

# ACT 946
## S.B. 300

AN **ACT** PROHIBITING PAROLE FOR A PERSON CONVICTED OF THE OFFENSE OF POSSESSION OF A FIREARM BY CERTAIN PERSONS UNDER CERTAIN CIRCUMSTANCES; TO DECLARE AN EMERGENCY; AND FOR OTHER PURPOSES.

**Subtitle**

PROHIBITING PAROLE FOR A PERSON CONVICTED OF THE OFFENSE OF POSSESSION OF A FIREARM BY CERTAIN PERSONS UNDER CERTAIN CIRCUMSTANCES; AND TO DECLARE AN EMERGENCY.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:

SECTION 1. Arkansas Code § 16–93–609 is amended to read as follows:

<< AR ST § 16–93–609 >>

**16–93–609 Effect of more than one conviction for certain felonies — Definition.**

(a) Any person who commits murder in the first degree, § 5–10–102, rape, § 5–14–103, or aggravated robbery, § 5–12–103, subsequent to March 24, 1983, and who has previously been found guilty of or pleaded guilty or nolo contendere to murder in the first degree, § 5–10–102, rape, § 5–14–103, or aggravated robbery, § 5–12–103, shall not be eligible for release on parole by the Parole Board.

(b)(1) Any person who commits a violent felony offense or any felony sex offense subsequent to August 13, 2001, and who has previously been found guilty of or pleaded guilty or nolo contendere to any violent felony offense or any felony sex offense shall not be eligible for release on parole by the board.

(2) As used in this subsection, "a violent felony offense or any felony sex offense" means those offenses listed in § 5–4–501(d)(2).

**(c) A person who commits the offense of possession of firearms by certain persons, § 5–73–103, in which the offense is under § 5–73–103(c)(1), after the effective date of this act, is not eligible for parole.**

SECTION 2. **EMERGENCY CLAUSE. It is found and determined by the General Assembly of the State of Arkansas that Arkansas is in the top six states concerning the crime rate and violent crime rate as per the Federal Bureau of Investigation and National Incident-Based Reporting System; that the Arkansas Criminal Code is currently not equipped with an effective method to punish those persons who are convicted felons and are prohibited by law from possessing a firearm who decide to ignore the law and use a firearm to commit violent offenses; that law enforcement in Arkansas has had to use the offices of the United States Department of Justice and the United States district courts to prosecute crimes covered by this act in order to get commensurate sentences and length of incarceration; that this act eliminates parole for those bad actors and will serve as a more effective**

EXHIBIT (1)

deterrent against further violent criminal acts; and that this act is immediately necessary because the safety of the public and the ability of law enforcement to establish the deterrent effect of this act needs to occur as soon as possible. Therefore, an emergency is declared to exist, and this act being immediately necessary for the preservation of the public peace, health, and safety shall become effective on:

(1) The date of its approval by the Governor;

(2) If the bill is neither approved nor vetoed by the Governor, the expiration of the period of time during which the Governor may veto the bill; or

(3) If the bill is vetoed by the Governor and the veto is overridden, the date the last house overrides the veto.

*/s/ J. Dismang*

APPROVED: 4/27/2021

---

**End of Document**      © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Westlaw Next. © 2024 Thomson Reuters

THOMSON REUTERS
*Thomson Reuters is not providing legal advice*

Leslie Rutledge
Attorney General



**Footnotes**

| | |
|---|---|
| 1 | Ark. Code Ann. § 16-93-609(b)(1) (Supp. 2021). |
| 2 | *Id.* at § 16-93-609(b)(2) ("As used in this subsection, 'a violent felony offense' ... means those offenses listed in § 5-4-501(d)(2)."). |
| 3 | Ark. Code Ann. § 5-4-501(d)(2)(A)(xi) (Supp. 2021). |
| 4 | *See* Acts 2015, No. 895, § 3 (effective April 1, 2015, adding "'residential burglary, § 5-39-201(a)" as a "felony involving violence" under Ark. Code Ann. § 5-4-501(d)(2)). |
| 5 | Nor for that matter would the application of the statute to offenders who committed an additional offense after April 1, 2015, present any constitutional issues since an offender would be sentenced pursuant to the statute in effect at the time of his or her offense. *See Handy v. State,* 2017 Ark. App. 74, *7-8, 510 S.W.3d 292, 297 (2017) (rejecting the argument that none of the offender's pre-2015 felony residential burglaries should have counted toward his habitual-offender status under Ark. Code Ann. § 5-4-501(d)(1)). |

Ark. Op. Atty. Gen. No. 2022-010 (Ark.A.G.), 2022 WL 1772439

---

**End of Document**          © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Westlaw Next. © 2022 Thomson Reuters

THOMSON REUTERS
*Thomson Reuters is not providing legal advice*

EXIBIT (2)

**Mr. Solomon Graves**
Office of the Attorney General   May 24, 2022   *(Approx. 3 pages)*

Ark. Op. Atty. Gen. No. 2022-010 (Ark.A.G.), 2022 WL 1772439

Office of the Attorney General

State of Arkansas
Opinion No. 2022-010
May 24, 2022

*1 Mr. Solomon Graves
Secretary, Ark. Dep't of Corrections
1302 Pike Ave, Suite C
North Little Rock, AR 72114

Dear Secretary Graves:

This is in response to your request for my opinion on the following question concerning
Ark. Code Ann. § 16-93-609:

> For purposes of parole eligibility under Ark. Code Ann. § 16-93-609, is a
> residential burglary committed before the effective date of Act [895] of 2015
> (April [1], 2015) a prior 'violent felony offense' [so that] an offender with a
> current conviction for a violent felony offense [would be required] to serve
> 100% of his or her sentence?

**RESPONSE**

Yes, an offender previously convicted of residential burglary who committed an additional
offense on or after April 1, 2015 is not eligible for parole.

**DISCUSSION**

Section 16-93-609 states in relevant part that any person who commits a violent felony
after August 13, 2001, and who has previously been found guilty of a violent felony shall
not be eligible for parole:

> Any person who commits a violent felony offense ... subsequent to August
> 13, 2001, and who has previously been found guilty of or pleaded guilty or
> nolo contendere to any violent felony offense ... shall not be eligible for
> release on parole by the board. [1]

A "violent felony offense" means those offenses listed in Ark. Code Ann. § 5-4-501(d)
(2), [2] and "[r]esidential burglary" is among those offenses. [3] Thus, subsection 16-93-
609(b)'s parole ineligibility provision applies to a defendant "who has previously been
found guilty of or pleaded guilty or nolo contendere to any violent felony offense,"
including residential burglary.

Granted, residential burglary was not designated as a "felony involving violence" until
2015. [4] But critically for your question, nothing in subsection 16-93-609(b) suggests that
to render an offender ineligible for parole after the commission of another violent felony
offense, the prior residential burglary must have occurred after 2015. Instead, to be
ineligible for parole, an offender must only have committed his or her subsequent offense
after the 2015 amendment's effective date. [5] Thus, as relevant here, if the offender in
question committed the crime for which he or she is currently serving a sentence after
April 1, 2015, a prior conviction for residential burglary would render the offender
ineligible for parole.
Sincerely,

DATE: 5-9-23

PLAINTIFF: Robert Mitchell  119186

RE:    CASE # 39CV-23-34

_____YOU DID NOT FURNISH A ENVELOPE WITH POSTAGE TO RETURN YOUR COPIES - AS A COURTESY I AM SENDING **THIS TIME ONLY**

_____YOU DID NOT FURNISH COPIES TO MAIL BACK TO YOU- AS A COURTESY I AM SENDING TO YOU **THIS TIME ONLY**

_____ENCLOSED IS ORDER DENYING-GRANTING HABEAS CORPUS PETITION

_____ENCLOSED _____

_____YOUR HABEAS CORPUS PETITION WILL BE FORWARDED TO THE JUDGE
ANY OTHER PLEADINGS CONCERNING YOUR CASE WILL BE FORWARDED TO THE JUDGE BY THIS OFFICE.
DO NOT CONTACT THE JUDGE. HE WILL FORWARD DOCUMENTS FOR FILING TO THIS OFFICE AND WE WILL MAIL TO YOU.

OTHER: I am Sending you a copy of your paper work we opened your case. and Sent it to the Judge now we Just have to wait til he makes a decision. i will Send you something when we hear from him.

_____ Thanks _____

1) INCLUDE A SELF ADDRESS, STAMPED ENVELOPE TO RETURN DOCUMENTS
2) BE SURE THE ENVELOPE HAS THE CORRECT POSTAGE & IS LARGE ENOUGH FOR DOCUMENTS
3) PLEASE CONTACT THIS OFFICE IF YOUR ADDRESS CHANGES

**YOU MUST FOLLOW CORRECT PROCEDURE IF ACTING AS AN ATTORNEY.
ARKANSAS LAW PROHIBITS THIS OFFICE FROM GIVING LEGAL ADVICE.**
IF YOU NEED ASSISTANCE PLEASE CONTACT:

**ARKANSAS BOARD OF CORRECTIONS
COMPLIANCE DIVISION
P.O. BOX 20550
WHITE HALL, AR 71612**

Thank you,

LEE COUNTY CIRCUIT CLERK

Exhibit 3

Recieved may 13 2023

ELECTRONICALLY FILED
Lee County Circuit Court
Millie A. Hill, Circuit Clerk
2023-May-09 15:26:27
39CV-23-34
C01D03 : 1 Page

IN THE CIRCUIT OF COURT OF LEE COUNTY, ARKANSAS
CIVIL DIVISION

IN RE: PETITION OF HABES CORPUS TO
PROCEED IN FORMA PAUPERIS, ROBERT S. MITCHELL          NO. 39CV-23-34

**ORDER**

Now on this 9th day of May, 2023, comes on for hearing the above-referenced matter, the

Defendant's Petition for habeas Corpus to Proceed In Forma Pauperis and based upon the

pleadings, and other matters before the court, the court doth find:

1.  That jurisdiction and venue lie properly within this court.

2.  That the court does not find probable cause to issue a write based upon the pleadings filed

    herein by the Plaintiff and, further, the court does not find based upon this type of habeas

    petition that it portrays the probable cause to move forward as prescribed in A.C.A. §16-

    12-103(a)(1).

IT IS SO ORDER

_____
CHRISTOPHER W. MORLEDGE, CIRCJIT JUDGE

ENTRY DATE: _9 May 2023_

FILED
AT ___ O'CLOCK ___ M
MAY 0 9 2023

MILLIE HILL
LEE COUNTY CIRCUIT CLERK
MARIANNA, ARKANSAS

Exhibit 4

IGTT430
3GD

INMATE NAME: Mitchell, Robert          ADC #: 119186          GRIEVANCE#:EA-23-00144

## CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

In your grievance dated 3/14/23, you stated, " This began on Feb 3, 2023 my time card has been changed several times after I was scheduled to see parole board March 16 2023 since I was sentenced by the court to do one thing then adc records changes my time card and goes outside of sentencing order changes the class of felony and adds and act that I was not sentenced to my time card without authority by the judge my time card show 1 thing for 4 four years then records changes it I do not fall under the act that was effective April 27 2021 because I was sentence in 2019 for a crime that was committed in 2018 therefore the laws in effect at the time of crime is what controls my sentence statue 16-93-615 was and should be my parole statue please fix time card to show this the." (End of allotted space)

On 4/6/23 the Warden responded, "Mrs. Caldwell, Inmate Records Supervisor, stated that you are sentenced under the ACT 1805 for Battery I due to a prior conviction for Domestic Battery I. You are required to serve 100%. Therefore, your time was computed correctly. Your grievance is found to be without merit."

Your appeal was received on 4/17/23. I have reviewed your appeal, as well as the Warden's response and I concur with the Warden's decision. I find no merit in your appeal.

Appeal denied.

Director                                        Date    4-21-23

Please be advised that if you appeal this decision to the U.S. District Court, a copy of this Chief Deputy/Deputy/Assistant Director's Decision must be attached to any petition or complaint or the Court may dismiss your case without notice. You may also be subject to paying filing fees pursuant to the Prison Litigation Act of 1995.

ExHibiT  5

# Inmate Request Form

This form is to be used by inmates to contact staff with request on issues they may have. You should allow five working days to receive a response to your request. This is East Arkansas Regional Unit in house form.

| NAME: R. Mitchell | ADC Number: 119186 | Barracks: 13-40 | Date: 3-1-23 |
|---|---|---|---|

**Staff Directed to:** Records Superviser   **Office:** Records Superviser

My request is directed to the following area: (Check One)

| Chaplain | ☐ | Classification | ☐ | Commissary | ☐ | Assistant/ Deputy Warden | ☐ |
|---|---|---|---|---|---|---|---|
| Issuance | ☐ | Food Service | ☐ | Hobby Craft | ☐ | General Library | ☐ |
| Law Library | ☐ | Laundry | ☐ | Mail Room | ☐ | Medical | ☐ |
| Mental Health | ☐ | Parole | ☐ | Property | ☐ | Records | ☐ |
| Security | ☐ | Visitation | ☐ | Warden | ☐ | Other: ___ | ☐ |

Give a detailed reason for your request: Thank You For Changing my Time Card As NEED For All the Corrections. There is ONE MORE Mistake You misread or over looked AND Put THE 1st DEGREE BAttery back to an A (Y) Felony. IF You Would Please Correct As A (A) Felony As listed on my SENTACEING ORDER (SEE) IN BACK For class of felony.

Thank you AGIAN For your time

Have you talked to any staff about your request? YES    NO    AlSO WHY AM I TO ScruL 100%

If yes, to whom did you speak with and when? It is not WHAT I Signed For and THE 100% Don't Apply To What MY Commitment Papers SAY. 1/2 less Good time is what I Signed for.

*R. D. Mitchell* 
**Inmate Signature / Date**

**Staff Responding:** _____   **Date:** _____

**Response:** _____

_____

_____

**RECEIVED**

**MAR 0 2 2023**

BY: _____

I am referring this to: _____

Cc: _____

**Staff Signature** _____   **Date** _____

EXHIBIT 6