**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ROBERT S MITCHELL**                                                                                       **PETITIONER**

**V.**                                          **CASE NO. 4:23-cv-00742-LPR-JTK**

**DEXTER PAYNE,**
*Director, Arkansas Division of Correction*                                              **RESPONDENT**

## ORDER

On September 10, 2019, Robert Mitchell pleaded guilty in Hot Spring County, Arkansas Circuit Court to first-degree battery, which is a Class B felony. He received a sentencing enhancement which raised the classification from a Class B felony to a Class A felony and was sentenced to 17 years imprisonment in the Arkansas Division of Correction ("ADC") as a habitual offender.

On August 10, 2023, Mr. Mitchell filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1) In his petition, Mr. Mitchell is challenging a timecard calculation he received on February 3, 2023, which changed his parole/transfer eligibility ("TE") date from September 2, 2027 to March 2, 2036. Mr. Mitchell is specifically alleging that this change in TE date is due to his felony classification changing from a Class A felony to a Class Y felony, which removed him from parole eligibility altogether and required him to serve 100% of his sentence. (Doc. No. 1) He is also alleging that a statute enacted after his sentence was illegally applied to his parole eligibility. (Doc. No. 16)

On February 7, 2024, Respondent filed a Motion to Dismiss Mr. Mitchell's petition and accompanying Brief in Support (Doc. Nos. 11, 12), arguing, primarily, that the petition is time-

barred and, alternatively, that the claims in the petition are procedurally defaulted and non-cognizable in a habeas petition.

On September 9, 2024, this Court recommended that Judge Rudofsky deny Respondent's motion to dismiss and require Respondent to file a full responsive pleading. (Doc. No. 26) On September 25, 2024, Judge Rudofsky adopted this Court's recommendation and denied the motion to dismiss. (Doc. No. 27) On October 25, 2024, Respondent filed a Response to the petition, arguing, again, that the petition should be dismissed because it is procedurally defaulted and that the claims are non-cognizable in a habeas petition. (Doc. No. 29)

Currently pending before the Court is Petitioner's Motions for Appointment of Counsel. (Doc. Nos. 28, 30) There is no constitutional right to counsel in habeas corpus cases. See *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). However, a Court *may* appoint counsel to represent a habeas petitioner if "the interest of justice so requires." 18 U.S.C. § 3006A(a)(2)(B). Among the factors the Court will consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his claims, the complexity of the legal issues, and whether both the petitioner and the Court would benefit from representation by counsel for both parties. See *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

After reviewing all of the pleadings in this case, the Court still has questions regarding Mr. Mitchell's change in TE date as calculated by the ADC as well as the change in his felony classification. The Court is unsure if the two are connected,[1] or, if not, what caused the drastic change to Mr. Mitchell's parole eligibility to occur. Additionally, the Court is concerned about Mr.

---

[1] In his Brief in Support of his Motion to Dismiss, Respondent notes that the change in classification from a Class A felony to a Class Y felony as reflected in Mr. Mitchell's timecard is not related to the change in TE date and is a "clerical error." (Doc. No. 12) Respondent does not, however, offer any alternative explanation for the change in calculation in any of his pleadings.

2

Mitchell's assertion that, at the time he entered his guilty plea, it was his understanding that he would only be required to serve 1/3 to 1/2 of his sentence before becoming parole eligible. If this is true and supported by the record, the Court is concerned about the validity of Mr. Mitchell's guilty plea if he was misled by his attorney, the prosecution, or the state court.

Considering Petitioner's need for an attorney at this stage of the case, the likelihood that he will benefit from assistance of counsel, the factual complexity of the case, his ability to investigate and present his case, and the complexity of the legal issues, the Court believes that the interests of justice would best be served by appointing counsel to represent Mr. Mitchell and, therefore, his motions (Doc. Nos. 28, 30) are GRANTED.

The Court, pursuant to Local Rule 83.7, appoints Andrew Paul Thornton, P.O. Box 13594, Maumelle, AR 72113, to represent Mr. Mitchell in this action. The Clerk of the Court is directed to enter Mr. Thornton's name as the attorney of record for Petitioner and is further directed to send counsel the following: (1) a copy of this Order; (2) a copy of Local Rule 83.7; and (3) a copy of the docket sheet. The Clerk of Court is directed to send a copy of this Order to Mr. Mitchell at his address of record. Mr. Thornton will be provided a copy of the case file.

Mr. Thornton has forty-five days from the date of this Order to review the case and file any necessary pleadings. Respondent will have fourteen days after service of any motion or pleading to respond.

The Court is particularly concerned about Mr. Mitchell's understanding of his sentence and parole eligibility associated with that sentence at the time he accepted the plea agreement and entered his guilty plea. The Court needs a complete record in order to adequately review this case, including, but not limited to, a copy of the plea agreement, any offers exchanged throughout the plea negotiation process, including any written communication between Mr. Mitchell's attorney

3

and the prosecutor on his case, and a copy of the complete transcript of both Mr. Mitchell's change of plea hearing and sentencing hearing.

Also pending is Mr. Mitchell's Motions for Status Update (Doc. Nos. 13, 25), Motion for Default Judgment (Doc. No. 14), Motion to Amend Response (Doc. No. 18), Motion for Order (Doc. No. 19), Motion to Compel (Doc. No. 24), and Motion for Declaratory Judgment (Doc. No. 32). These motions are all denied, either as moot (Doc. Nos. 13, 25, 18, 19) or as inappropriate in a habeas action (Doc. Nos. 14, 24, 32).

IT IS SO ORDERED this 3rd day of February, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE