1

IN THE CIRCUIT COURT OF HOT SPRING COUNTY, ARKANSAS
CRIMINAL DIVISION

STATE OF ARKANSAS                                          PLAINTIFF

VS.                          CASE NO. 30CR-2017-377-2
                             CASE NO. 30CR-2018-261-2

ROBERT MITCHELL                                            DEFENDANT

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

    BE IT REMEMBERED that on the 10th day of September, 2019, came on for hearing in the captioned cause before the Honorable Eddy R. Easley, Circuit Judge, Second Division of the Seventh Judicial District of Hot Spring County, in Malvern, Arkansas; said hearing being reported by Tammy Lea Bunt, Arkansas Supreme Court Certified Reporter No. 498.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

APPEARANCES

On Behalf of the Plaintiff:

    STEPHEN L. SHIRRON, Chief Deputy Prosecuting Attorney

On Behalf of the Defendant:

    JONATHAN HUBER, Attorney at Law

Court Reporter:

    TAMMY LEA BUNT, Arkansas Supreme
    Court Certified Reporter No. 498

EXHIBIT
E

|   |   | 2 |
|---|---|---|
| 1 | TABLE OF CONTENTS | |
| 2 | TOPIC | PAGE |

| 3 | Plea/Sentencing.......................................... | 3 |
| 4 | Reporter's Certification................................. | 20 |

```
1                    P R O C E E D I N G S
2            (THEREUPON, the proceedings commenced on
3       September 10, 2019 at 2:41 p.m.)
4            THE COURT:  All right, State of Arkansas versus
5       Robert Mitchell.  I have two (2) cases on Mr.
6       Mitchell; 30CR-17-377 and 30CR-18-261.
7            Mr. Mitchell, I'm looking at two (2) documents,
8       each one of them, for the case involved that are
9       proposed plea agreements.  Have you had a chance to
10      go over these plea agreements with Mr. Huber and ask
11      him any questions you think might be necessary for
12      your benefit?
13           MR. ROBERT MITCHELL:  Yes, Your Honor.
14           THE COURT:  Before we go any further; are you
15      wanting to enter into these negotiated pleas today?
16           MR. ROBERT MITCHELL:  Yes, Your Honor.
17           THE COURT:  I'm going to go over them with you
18      really quickly, because it's the first time I've seen
19      them and make sure we're understanding everything
20      that -- the same way.
21           I'll start with 30CR-17-377.  As you know,
22      you've been in my court before, I need to make a
23      record before we go forward.  Mr. Mitchell, how long
24      have you been in the Department of Correction?
25           MR. ROBERT MITCHELL:  Probably two (2) months
```

1           prior to this --
2                THE COURT:  And --
3                MR. ROBERT MITCHELL:  -- time.
4                THE COURT:  -- and you were in jail for a while
5           before that?
6                MR. ROBERT MITCHELL:  Yes, yes.
7                THE COURT:  And you -- from -- from looking at
8           you and from talking to you, you appear to understand
9           everything that is going on.  Do you have anything in
10          your system, either legal or illegal drugs or
11          alcohol, that would keep you from understanding what
12          you're about to enter into?
13               MR. ROBERT MITCHELL:  No, Your Honor.
14               THE COURT:  Has anybody forced you or coerced
15          you into entering into these negotiated pleas today?
16               MR. ROBERT MITCHELL:  No, Your Honor.
17               THE COURT:  Thank you.
18               The first case, 30CR-17-377, this says you're
19          going to plead guilty to aggravated assault, a class
20          D felony, and that you will plead as a four (4) or
21          more habitual.  And I'm going to go over your record
22          quickly with you.  It shows your -- your previous
23          record; theft in 1999, battery 2nd in 2000, forgery
24          in 2000, domestic battery 1st in 2010, criminal
25          mischief in 2010, and escape in 2019.  Does that

1    accurately reflect your previous criminal history?

2    MR. ROBERT MITCHELL:  Yes, Your Honor.

3    THE COURT:  The proposed sentence on this is ten

4    (10) years in the Department of Correction,

5    concurrent with 30CR-18-261, which is the other case

6    we're suppose to plea today and also concurrent with

7    whatever time that you're now doing.  Is that your

8    understanding so far?

9    MR. ROBERT MITCHELL:  Yes, your Honor.  I also

10   have a hundred and fifty dollar ($150) cost for the

11   case and a forty dollar ($40) booking fee for both

12   cases.  When you -- when you get out of the

13   Department -- if we -- if we get through these pleas

14   today, you'll pay a hundred and fifty dollars ($150)

15   within sixty (60) days of your release, which will be

16   cost for one case.  The next thirty (30) days, you'll

17   pay another hundred and fifty dollars ($150), then

18   you'll drop back to a hundred dollars ($100) per

19   month until everything is paid in full.

20   Mr. Shirron, I see that law enforcement has

21   signed off on this, the aggravated assault.  What

22   about your victims on this?

23   MR. STEPHEN L. SHIRRON:  Your Honor, the victim

24   on this one is one that I had contact with a couple

25   of months ago.  I tried to make arrangements to have

1       a meeting with her, but she failed to show up, and I
2       have not been able to contact her on that since
3       trying to negotiate a plea at this point.
4            THE COURT:  Has the state done what you would
5       consider a diligent effort to contact the victim with
6       -- without success?
7            MR. STEPHEN L. SHIRRON:  Yes, Your Honor.  I
8       have no doubt -- no reason to believe that she would
9       not be satisfied with the outcome on this.
10           THE COURT:  I'm -- I'm going to move to the --
11      to the next case.  First of all, let me -- let me
12      back up just a minute.  Mr. Mitchell, the range of
13      sentence on a class D felony for four (4) or more
14      felonies, you understand if you went to a jury trial
15      or a bench trial on aggravated assault, you could
16      receive up to fifteen (15) years in the Department of
17      Correction and/or up to a ten thousand dollar
18      ($10,000) fine.
19           MR. ROBERT MITCHELL:  (NON-VERBAL RESPONSE.)
20           THE COURT:  You'll -- you'll have to speak up,
21      so we can get this --
22           MR. ROBERT MITCHELL:  Yeah, -- yes, Your Honor.
23           THE COURT:  Mr. Shirron, on 17-377, was anything
24      amended or nol prosed pursuant to this agreement?
25           MR. STEPHEN L. SHIRRON:  Your Honor, it is

1  amended from the original charge.  The original
2  charge is a battery 1st degree, but it's -- a battery
3  -- a battery first or a battery second, but it's
4  amended to aggravated assault.
5      THE COURT:  What -- as -- as part of the
6  agreement then, anything that was charged before will
7  be nol prosed and this will be the only charge,
8  aggravated assault, in 377.
9      MR. STEPHEN L. SHIRRON:  Yes, Your Honor, that's
10 correct.
11     THE COURT:  Let me look at 18-261 just a minute
12 with you, Mr. Mitchell.  It says you're going to
13 plead guilty to battery in the first degree.  And
14 what classification is that, Mr. Shirron?
15     MR. STEPHEN L. SHIRRON:  Your Honor, that is --
16 it is battery --
17     THE COURT:  Is it in conjunction with the
18 violent group activity?
19     MR. STEPHEN L. SHIRRON:  Yes, the violent group
20 activity is an enhancement.  It's an enhancement of
21 one level of the charge.  So originally it was a
22 battery first, which would typically be a B felony,
23 but it's enhanced to an A felony because of the
24 violent group activity.
25     THE COURT:  So that is one charge then, --

1          MR. STEPHEN L. SHIRRON:  Yes, Your Honor.

2          THE COURT:  -- being enhanced from a B for a

3     regular battery first to an A, -- okay.

4          MR. STEPHEN L. SHIRRON:  That's correct.

5          THE COURT:  The same criminal history on that

6     and -- and on this also from what I'm seeing, Mr.

7     Mitchell, will plead as a four (4) or more habitual

8     on this case.  We've reviewed his record.  The

9     proposed sentence on this, Mr. Mitchell, is seven --

10    seventeen (17) years in the Department of Correction,

11    concurrent with the 17-377 that we talked about and

12    also any time that you are now doing.  Is that your

13    understanding so far?

14         MR. ROBERT MITCHELL:  Yes, Your Honor.

15         THE COURT:  Also, there's a hundred and fifty

16    dollar ($150) cost and a forty dollar ($40) booking

17    fee.

18         MR. JONATHAN HUBER:  Your Honor, I believe

19    there's some restitution in this case, --

20         THE COURT:  That's --

21         MR. JONATHAN HUBER:  -- but it --

22         THE COURT:  -- that's -- I was looking at a

23    joint and several, but I don't see a dollar amount on

24    the restitution.

25         MR. STEPHEN L. SHIRRON:  Your Honor, the -- the

1   last thing that I had in my file was two thousand
2   forty-three dollars ($2,043).  We had left it open on
3   the other ones, but if we can assess it at two
4   thousand forty-three dollars ($2,043), I'm just going
5   to say that that's satisfactory for the state.
6        THE COURT:  And -- and, once again, let's talk
7   about your victims on this case.  You've got law
8   enforcement that has signed off.  What -- what about
9   your victims in this case?
10       MR. STEPHEN L. SHIRRON:  Your Honor, the victim
11  in this one is -- he was in jail and now was on
12  parole and I haven't contacted him today, because I
13  couldn't reach him, his phone number is disconnected
14  at this point, and so I -- I have no reason to
15  believe that he's not satisfied with this.  He signed
16  off on the other three (3) --
17       THE COURT:  You have talked --
18       MR. STEPHEN L. SHIRRON:  -- plea agreements.
19  about this before?
20       THE COURT:  -- with him about this before?
21       MR. STEPHEN L. SHIRRON:  We have, --
22       THE COURT:  What --
23       MR. STEPHEN L. SHIRRON:  -- Your Honor, and he's
24  --
25       THE COURT:  -- what is the amount of

1    restitution?

2        MR. STEPHEN L. SHIRRON:  He has been satisfied
3    with the other three (3) plea agreements that we have
4    arranged with the other three (3) co-defendants in
5    this.  It was -- let me tell you the correct number,
6    Your Honor, -- it was two thousand forty-three
7    dollars ($2,043).

8        THE COURT:  With your permission, Mr. Huber and
9    Mr. Mitchell, I'm going to pencil that in; two
10   thousand forty-three dollars ($2,043) restitution.
11   It's already put in that that will be joint and
12   several with the other defendants, how ever many
13   there may have been.  There were three (3) other co-
14   defendants, is that --

15       MR. STEPHEN L. SHIRRON:  Yes, Your Honor, --
16       THE COURT:  -- correct?
17       MR. STEPHEN L. SHIRRON:  -- that is correct.
18       MR. JONATHAN HUBER:  No objection, Your Honor.
19       THE COURT:  Mr. Mitchell, do you understand that
20   on a class A felony because of your four (4) or more
21   criminal history, if you went to a trial, either a
22   bench or jury trial, that you could receive from six
23   (6) to sixty (60) years in the Department of
24   Correction and/or up to a fifteen thousand dollar
25   ($15,000) fine?

1           MR. ROBERT MITCHELL: Yes, Your Honor.

2           THE COURT: Now that's -- that's the basics, as

3     far as the -- the sentences. And we understand, Mr.

4     Mitchell, on both cases you're pleading as a four (4)

5     or more habitual, is that --

6           MR. ROBERT MITCHELL: Yes.

7           THE COURT: -- correct?

8           MR. ROBERT MITCHELL: Yes, Your Honor.

9           THE COURT: I'm going to go over your right to a

10    jury trial with you. I'll just do it one time for

11    both cases. If you have any questions, we'll

12    certainly entertain those.

13          Do you understand that if you had a jury trial

14    that Mr. Huber would do anything he could do anything

15    he could do within his ability and experience to

16    protect your interest on the day of the jury trial?

17    Do you understand that?

18          MR. ROBERT MITCHELL: Yes, Your Honor.

19          THE COURT: Do you understand if you had a jury

20    trial, after consulting with Mr. Huber, you could

21    make the decision as to whether you wanted to testify

22    or introduce any evidence at the trial of the matter,

23    -- and the reason you would have that right to do --

24    to make the choice is that the total burden of

25    proving you guilty beyond a reasonable doubt in each

1     and every one of these offense and in both cases
2     would be totally on the State of Arkansas?  Do you
3     understand that?
4        MR. ROBERT MITCHELL:  Yes, Your Honor.
5        THE COURT:  Do you understand that if you had a
6     jury trial, I wouldn't be the one that would make the
7     final decision as to whether you were guilty or not,
8     it would be a jury comprised of twelve (12) people
9     randomly selected from throughout Hot Spring County
10    and that each and every one of those folks would have
11    to reach the same decision on each and every charge
12    that you were being tried on and they'd have to reach
13    that decision that you were guilty beyond a
14    reasonable doubt?  Do you understand that?
15       MR. ROBERT MITCHELL:  Yes, Your Honor.
16       THE COURT:  Mr. Mitchell, do you have any -- any
17    questions about your right to a jury trial?
18       MR. ROBERT MITCHELL:  No, Your Honor.
19       THE COURT:  Do you want to waive -- and I'm
20    going to start and I'm going to revert back to 17-
21    377, do you want to waive your right to a jury trial
22    in 30CR-17-377 in order to enter into this negotiated
23    plea?
24       MR. ROBERT MITCHELL:  No, Your Honor.
25       MR. JONATHAN HUBER:  Do you -- do you want to

```
1        waive your right to a jury trial?
2             MR. ROBERT MITCHELL:  Oh, yes, yes.  I
3        apologize.
4             THE COURT:  I --
5             MR. ROBERT MITCHELL:  Yes, Your Honor.
6             THE COURT:  -- I may not have stated it clearly.
7        Let me -- let me back up.
8             MR. ROBERT MITCHELL:  No, I -- I was --
9             THE COURT:  We're at -- we're at a juncture.
10            MR. ROBERT MITCHELL:  -- I was -- Your Honor, I
11       --
12            THE COURT:  You can either have your jury trial
13       or you can waive it in order to accept these
14       negotiated pleas.  Do you want to waive your right to
15       a jury trial?
16            MR. ROBERT MITCHELL:  Yes, Your Honor.
17            THE COURT:  Jury trial is waived in 17-377.
18            Now on 17-377, Mr. Shirron, he's pleading guilty
19       to aggravated assault.  Can you give me just a
20       summary for a factual basis on that?
21            MR. STEPHEN L. SHIRRON:  That's correct, Your
22       Honor.  It was an incident that occurred at a
23       residence where he went outside, -- there was an
24       argument in the house, he went outside, he got a
25       chain saw and came back in the house with the chain
```

14

1 saw running and then assaulted the victim in that
2 case.
3       THE COURT:  That's -- that's your factual basis
4 for aggravated assault.  From -- from listening to
5 that, I would only assume that there wasn't really
6 severe injuries that resulted --
7       MR. STEPHEN L. SHIRRON:  That's --
8       THE COURT:  -- from that, is that correct?
9       MR. STEPHEN L. SHIRRON:  -- that's correct, Your
10 Honor.
11       THE COURT:  Mr. Mitchell, is that basically what
12 happened?  Can I use that as a factual basis for your
13 plea to this charge today?
14       MR. ROBERT MITCHELL:  Yes, Your Honor.
15       THE COURT:  Do you agree with that, Mr. Huber?
16       MR. JONATHAN HUBER:  Yes, Your Honor, --
17       THE COURT:  A factual --
18       MR. JONATHAN HUBER:  -- we'd stipulate to the
19 facts in the affidavit.
20       THE COURT:  -- factual basis is established.
21       Mr. Huber has been representing you on this case
22 and others, Mr. Mitchell, are you absolutely
23 satisfied with your legal services that you've
24 received?
25       MR. ROBERT MITCHELL:  Yes, Your Honor.

1    THE COURT: Now, first of all, as far as the
2    plea, -- again, we're on 17-377. Mr. Mitchell, we've
3    gone over your offenses, is it true today that you
4    have four (4) or more prior felonies?
5    MR. ROBERT MITCHELL: Yes.
6    THE COURT: And I've gone over what is listed on
7    this sheet. Is that -- again, I've asked you this
8    before, I know, but is that accurate, as far as what
9    you're -- at least what we have down here is
10   accurate, as far as your criminal history?
11   MR. ROBERT MITCHELL: Yes, Your Honor.
12   THE COURT: What is your plea to aggravated
13   assault, a class D felony?
14   MR. ROBERT MITCHELL: Guilty.
15   THE COURT: The guilty plea is accepted, it's
16   knowing and intelligent, a factual basis was
17   established. You're sentenced to ten (10) years in
18   the Department of Correction, that time being
19   concurrent with 30CR-18-261, which we'll handle in
20   just a moment, and the time that you're now doing.
21   As -- as we've said before, you're being sentenced as
22   a four (4) or more habitual because you have -- you
23   have stated on the record that that is an accurate --
24   an accurate rendition of your criminal history.
25   You'll also have a hundred and fifty dollar ($150)

1       cost and a forty dollar ($40) booking fee, as I've
2       said before.  You'll start sixty (60) days after your
3       release with two (2) cost payments in the amount of
4       one fifty (150) each, then you'll pay a hundred
5       dollars ($100) per month that would go toward each
6       case.  It won't be -- for each case, it'll be one (1)
7       one hundred dollar (%100) payment until everything is
8       paid in full.
9            Now, Mr. Huber, in regards to this case, is
10      there anything I've not covered that I need to for
11      your client?
12           MR. JONATHAN HUBER:  Your Honor, just that he
13      would be entitled to receive any statutory jail
14      credit --
15           THE COURT:  Whatever the --
16           MR. JONATHAN HUBER:  -- that he may be --
17           THE COURT:  -- statute allows him on jail time,
18      he's -- he's entitled to that for sure.
19           Now I'm going to move on to 30CR-18-261.  Mr.
20      Mitchell, I went over your right to a jury trial in
21      the previous case.  I'm going to address that
22      immediately on this one.  I'm not going back over
23      your rights again.  I'll ask you though; do you have
24      any questions about your right to a jury trial?
25           MR. ROBERT MITCHELL:  No, Your Honor.

1      THE COURT:  Do you want to waive that right to a
2  jury trial in 30CR-18-261 in order to enter into this
3  negotiated plea that we've discussed?
4      MR. ROBERT MITCHELL:  Yes, Your Honor.
5      THE COURT:  Jury trial is waived.  Now you've
6  had the -- you've had the same counsel, and I'm
7  getting this question out of order, -- are you
8  absolutely satisfied with your legal representation?
9      MR. ROBERT MITCHELL:  Yes, Your Honor.
10     THE COURT:  Mr. Shirron, as far as the factual
11 basis on this charge?
12     MR. STEPHEN L. SHIRRON:  Your Honor, this is an
13 incident that occurred at the Hot Spring County Jail.
14 Mr. Mitchell, along with three (3) other individuals,
15 attached Ivan Dickson in the jail and ended up
16 causing him to be knocked unconscious, kicked him in
17 the face, caused a broken -- a fracture to his
18 orbital socket, amongst other pretty significant
19 injuries while he was there in jail.
20     THE COURT:  Mr. Mitchell, that didn't say you
21 acted alone, but based on those facts, can I use that
22 as a factual basis for your plea to the charge of
23 battery in the first, a violent group activity, which
24 is enhanced to a class A felony?
25     MR. ROBERT MITCHELL:  Yes, Your Honor.

18

1   THE COURT: Do you agree with that, Mr. Huber?
2   MR. JONATHAN HUBER: Yes, Your Honor.
3   THE COURT: A factual basis is established.
4   Once again, in this case, and I've asked this
5   two (2) or three (3) times, is the record I've gone
6   over as far as your prior felonies correct, in that
7   you have four (4) or more and what we have down on
8   this sheet is a correct rendition of your criminal
9   history?
10  MR. ROBERT MITCHELL: Yes, Your Honor.
11  THE COURT: What is your plea, Mr. Mitchell, to
12  the charge of battery in the first enhanced to a
13  class A felony because of the violent group activity
14  enhancement contained in the statute?
15  MR. ROBERT MITCHELL: Guilty.
16  THE COURT: That plea is accepted. It's knowing
17  and intelligent. You are sentenced according to your
18  negotiated plea, that being seventeen (17) years in
19  the Department of Correction, concurrent with 17-377
20  and also any time that you are now doing. You'll
21  certainly be entitled to any jail time credit that
22  the statute allows on this. Once again, you'll have
23  a hundred and fifty dollar ($150) cost, a forty
24  dollar ($40) booking fee, two thousand and forty-
25  three dollars ($2,043) in restitution, joint and

```
1      several with your other defendants.  I've -- I've
2      said how the cost will be paid in this and then a
3      hundred dollars ($100) a month after the cost in both
4      cases, then the amount toward the restitution will be
5      paid before the remaining fines and costs.
6           Now one other thing, I -- I notice on this.
7      We've talked about the victim, we've got -- we've
8      talked about that.  This shows that the law
9      enforcement though has reviewed this and they are in
10     agreement with the plea?
11          MR. STEPHEN L. SHIRRON:  Yes, Your Honor.
12          THE COURT:  Mr. Huber, anything I've not covered
13     for your client?
14          MR. JONATHAN HUBER:  No, Your Honor.
15          THE COURT:  Mr. Shirron, for the state?
16          MR. STEPHEN L. SHIRRON:  Nothing for the state,
17     Your Honor.
18          THE COURT:  Good luck to you, Mr. Mitchell.
19          MR. ROBERT MITCHELL:  Thank you so much, --
20          MR. JONATHAN HUBER:  Thank you, Your Honor.
21          MR. ROBERT MITCHELL:  -- Your Honor.
22          (THEREUPON, the proceedings were concluded on
23     September 10, 2019 at 2:58 p.m.)
24
25
```

```
                                                              20
```

IN THE CIRCUIT COURT OF HOT SPRING COUNTY, ARKANSAS
CRIMINAL DIVISION

STATE OF ARKANSAS                                        PLAINTIFF

VS.                              CASE NO. 30CR-2017-377-2
                                 CASE NO. 30CR-2018-261-2

ROBERT MITCHELL                                          DEFENDANT

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

REPORTER'S CERTIFICATION

　　　I, Tammy Lea Bunt, Arkansas Supreme Court Certified Reporter No. 498, Official Court Reporter for the Second Division of the Seventh Judicial District of Hot Spring County, Arkansas, on the 10th day of September, 2019, do hereby certify that I recorded the proceedings via stenomask in the following matter: <u>State of Arkansas versus Robert Mitchell</u>, Hot Spring County Case Number 30CR-2017-377-2 and 30CR-2018-261-2; that said recording was reduced to transcription by me and/or under my direction and supervision; and the foregoing pages numbered 1 through 20 constitute a true and correct transcript of the proceedings to the best of my ability.

　　　WITNESS MY HAND AND SEAL as such reporter this 7th day of February, 2025.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　TAMMY LEA BUNT, Arkansas Supreme
　　　　　　　　　　　　　　　　　　　　　Court Certified Reporter No. 498