**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ROBERT S. MITCHELL** **PETITIONER**

***vs.*** **No. 4:23-cv-00742-LPR-JTK**

**DEXTER PAYNE,**
***Director, Arkansas Division of Correction*** **RESPONDENT**

**AMENDED PETITION FOR A WRIT OF HABEAS CORPUS**

COMES NOW Petitioner Mitchell by his attorney Andrew Thornton, and for his amended petition for a writ of habeas corpus would respectfully show the Court as follows:

**SUMMARY**

1. **Claim One.** In *State of Arkansas v. Robert Mitchell*, No. 30CR-18-261 (Cir. Ct. Hot Spring Cnty., Ark.), Petitioner Mitchell was charged with battery in the first degree. During the plea negotiation process, Petitioner Mitchell's attorney informed him he would have one-third or one-half parole eligibility, not that he would be ineligible for parole. Petitioner Mitchell would not have entered a negotiated guilty plea for 17 years' imprisonment and would have gone to trial if he had been told that he would be ineligible for parole. On this claim, he seeks an order requiring specific performance of the plea agreement he believed he bargained for: namely, regular one-third or one-half parole eligibility.

2. **Claim Two.** Petitioner Mitchell was charged with class B felony battery in the first degree, increased to a class A felony by a group-activity enhancement. The state-court judgment correctly reflects that the crime of conviction is a class A felony. But Respondent Payne's internal files show that he is holding Petitioner Mitchell on a class Y felony version of this offense, not the class A felony version of which Petitioner Mitchell was convicted. There is

no mechanism under Arkansas law by which Respondent Payne can convert an inmate's class A felony to a class Y felony. Respondent Payne is holding Petitioner Mitchell for a crime of which he was not convicted, in violation of the Fifth and Fourteenth Amendments. On this claim, he seeks an order requiring Respondent Payne to correct his files to show that this offense is a class A felony, not a class Y felony.

**PARTIES**

3. Petitioner Robert S. Mitchell is an inmate in the custody of the Arkansas Division of Correction by virtue of a state-court judgment in *State of Arkansas v. Robert Mitchell*, No. 30CR-18-261 (Cir. Ct. Hot Spring Cnty., Ark.).

4. Respondent Dexter Payne, Director of the Arkansas Division of Correction, is the state officer who has custody of Petitioner Mitchell.

**JURISDICTION AND VENUE**

5. Petitioner Mitchell is in custody by virtue of a state-court judgment and in violation of the U.S. Constitution, so this Court has subject-matter jurisdiction to issue a writ of habeas corpus to Respondent Payne under 28 U.S.C. § 2254(a).

6. Petitioner Mitchell is in custody at the East Arkansas Regional Unit in Lee County, Arkansas, which is encompassed in the Eastern District of Arkansas, so this Court has jurisdiction over this action. 28 U.S.C. § 2241(d). The Western District has concurrent jurisdiction because it encompasses Hot Spring County, the location of the state court where Petitioner Mitchell was convicted and sentenced. *Id.*

**FACTS**

7. In September 2018 the State of Arkansas charged Petitioner Mitchell in the Circuit Court of Hot Spring County with committing class B felony battery in the first degree, § 5-13-201,

on August 30, 2018, enhanced to a class A felony by the group-activity sentencing enhancement, § 5-74-108. (Exh. A, Information, *State of Arkansas v. Robert Mitchell*, No. 30CR-18-261 (Cir. Ct. Hot Spring Cnty., Ark. Sept. 21, 2018).)

8. Petitioner Mitchell was also charged as a habitual offender with four or more prior felony convictions, § 5-4-501(b). (*Id.*)

9. The felony information listed Petitioner Mitchell's prior felony convictions, including a prior conviction of domestic battery in the first degree. (*Id.*)

10. Petitioner Mitchell retained attorney Jonathan Huber to represent him on his cases in Hot Spring County, including case no. 30CR-18-261.

11. Upon inquiry by undersigned counsel, Attorney Huber provided written correspondence conveying two plea offers from the state court prosecutor. (Exh. B, 11/29/18 Letter from J. Davis to J. Huber; Exh. C, 12/21/18 Email from S. Shirron to J. Huber.) Attorney Huber told undersigned counsel that he recalled that most of the negotiations happened in person in court.

12. The first written plea offer was 20 years on case no. 30CR-18-261, 10 years on a second pending case, and 5 years on a third pending case, all consecutive for an aggregate term of 35 years. (Exh. B.) The letter does not state whether this was an "all or nothing" offer. The letter also lists Petitioner Mitchell's prior felony convictions, including a conviction for domestic battery in the first degree. (*Id.*)

13. The second written plea offer was 28 years to wrap up all three cases. (Exh. C.)

14. Petitioner Mitchell met with Attorney Huber a few times to discuss plea negotiations.

15. Petitioner Mitchell specifically asked Attorney Huber his parole eligibility, and Attorney Huber advised Petitioner Mitchell that his parole eligibility on battery in the first degree

was one-third or one-half parole eligibility under Ark. Code Ann. § 5-4-501(b), not ineligibility under subsection (c) or (d). With maximum good-time credit, then, Petitioner Mitchell believed he would be eligible for parole after serving one-sixth or one-quarter of his sentence.

16. Attorney Huber did not advise Petitioner Mitchell that he was ineligible for parole on this charge due to his prior violent felony conviction—domestic battery in the first degree—and would have to serve one hundred percent of any prison term he received.

17. On September 10, 2019, Petitioner Mitchell entered a negotiated guilty plea for a recommended sentence of 17 years in prison, concurrent with a second pending case and time he was currently serving. (Exh. D, Plea Agreement, *State of Arkansas v. Robert Mitchell*, No. 30CR-18-261 (Cir. Ct. Hot Spring Cnty., Ark. Sept. 13, 2019).)

18. It was the specific intent of the plea bargain that Petitioner Mitchell would have regular one-third or one-half parole eligibility, not that he would be ineligible for parole.

19. The plea agreement form signed by Petitioner Mitchell and Attorney Huber states that "[t]he Defendant and his/her counsel certify that they fully understand the parole eligibility of the Arkansas Statutes." (*Id.*)

20. The plea agreement form also makes no mention of the one hundred percent rule, § 16-93-609(b).

21. The plea agreement form also lists Petitioner Mitchell's prior felony convictions, including his conviction for domestic battery in the first degree. (Exh. D, Plea Agreement.)

22. Attorney Huber was present with Petitioner Mitchell at his change-of-plea hearing. (Exh. E, Transcript, Sept. 10, 2019, *State of Arkansas v. Robert Mitchell*, No. 30CR-18-261 (Cir. Ct. Hot Spring Cnty., Ark.).)

23. During the plea colloquy, the presiding judge also reviewed Petitioner Mitchell's prior felony convictions on the record, including his prior conviction for domestic battery in the first degree. (Exh. E, Transcript 4.)

24. After accepting the plea, the court entered a sentencing order reflecting a conviction for class A felony battery in the first degree, enhanced under §§ 5-74-108 and 5-4-501(b). (Exh. F, Sentencing Order, *State of Arkansas v. Robert Mitchell*, No. 30CR-18-261 (Cir. Ct. Hot Spring Cnty., Ark. Sept. 27, 2019).)

25. If Attorney Huber had advised Petitioner Mitchell that he was ineligible for parole, he would not have entered the negotiated guilty plea for 17 years and would have gone to trial.

26. At ADC, Petitioner Mitchell's timecards for over three years showed him to be eligible for parole on his charge of first-degree battery.

27. On February 3, 2023, about one month before he was scheduled to see the parole board, Petitioner Mitchell received a new timecard that showed his charge of first-degree battery was ineligible for parole and was a class Y felony. (Exh. G, 2/3/23 Timecard.)

28. On March 14, 2023, Petitioner Mitchell filed a grievance regarding his parole eligibility and argued that he should be eligible for parole under Ark. Code Ann. § 16-93-615. (Doc. No. 12-4.)

29. Petitioner Mitchell's grievance was denied on April 6, 2023. (*Id.*)

30. In its denial, the ADC answered that Petitioner Mitchell was ineligible for parole under "ACT 1805" because of his prior conviction for domestic battery in the first degree. (*Id.*)

31. On information and belief, "ACT 1805" referred to the Act of April 19, 2001, No. 1805, 2001 Ark. Acts 7911 (codified at Ark. Code Ann. § 16-93-609(b)).

32. On May 9, 2023, Petitioner Mitchell filed a habeas petition in the Circuit Court of Lee County, Arkansas. (Doc. No. 12-6.) It was denied by order entered the same day. (Doc. No. 12-7.)

33. On August 10, 2023, Petitioner Mitchell's initial habeas petition was docketed by the Clerk of this Court.

**CLAIM ONE:**

**BREACH OF PLEA AGREEMENT**

34. The preceding paragraphs are incorporated by reference as if set forth herein.

35. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1977).

36. During the plea negotiation process, Attorney Huber advised Petitioner Mitchell that he would have regular one-third or one-half parole eligibility under Ark. Code Ann. § 5-4-501(b), not ineligibility under subsection (c) or (d).

37. It was the specific intent of the plea bargain that Petitioner Mitchell would have regular one-third or one-half parole eligibility, not that he would be ineligible for parole.

38. If Attorney Huber had advised Petitioner Mitchell that he was ineligible for parole, then Petitioner Mitchell would not have entered the guilty plea and would have insisted on going to trial.

39. On this claim, Petitioner Mitchell seeks an order requiring specific performance of the plea agreement he believed he bargained for: namely, regular one-third or one-half parole eligibility.

**CLAIM TWO:**

**VIOLATION OF DUE PROCESS**

40. The preceding paragraphs are incorporated by reference as if set forth herein.

41. Due process required by the Fifth and Fourteenth Amendments guarantees that the accused will be sent to prison on the crime of conviction, not upon a charge that was never made. *Cole v. Arkansas*, 333 U.S. 196, 201 (1948) (citing *De Jonge v. Oregon*, 299 U.S. 353, 362 (1937)).

42. In this case Petitioner Mitchell was convicted of class A felony first-degree battery, not class Y felony first-degree battery. The class Y felony version of this crime was never alleged in the felony information (Exh. A) and does not appear on the sentencing order (Exh. F).

43. Yet Respondent Payne's records (*e.g.*, Exh. G) assert that he is holding Petitioner Mitchell on class Y felony first-degree battery. There is no mechanism under the law that would allow Respondent Payne to the crime of conviction to a different offense after that person goes to ADC.

44. On this claim, Petitioner Mitchell requests that the Court order Respondent Payne to amend his records to show the correct offense of conviction: class A felony first-degree battery.

WHEREFORE, Petitioner Mitchell prays this Honorable Court grant him a writ of habeas of corpus and all other relief just and proper.

Respectfully submitted,

ROBERT S. MITCHELL
Petitioner

By: */s/ Andrew Thornton*
Andrew Thornton, Ark. Bar No. 2016202
Attorney at Law
P.O. Box 13594
Maumelle, AR 72113
(425) 273-0907
andrew@allwrits.com

*Attorney for Petitioner Mitchell*

**CERTIFICATE OF SERVICE**

I certify that on August 4, 2025, I electronically filed this document by CM/ECF, which will serve it upon the respondent's attorney of record.

*/s/ Andrew Thornton*

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct.

ROBERT S. MITCHELL
Petitioner

Dated: May 1, 2025

9 (apt)