## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**ROBERT S. MITCHELL**                                                          **PETITIONER**

**V.**                                      **CASE NO. 4:23CV00742 LPR-JTK**

**DIRECTOR DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                     **RESPONDENT**

## RESPONSE TO PETITION
## FOR WRIT OF HABEAS CORPUS

Comes now the respondent, Director Dexter Payne, Director, Arkansas

Division of Correction, by and through counsel, Tim Griffin, Attorney General,

and Walker K. Hawkins, Assistant Attorney General, and for his response, states:

### I.      Introduction

Among the prior felonies Petitioner Robert Mitchell had under his belt when

he participated in the 2018 beating of another inmate in the Hot Spring County

Detention Center was first-degree domestic battering.  That prior conviction

rendered him ineligible for parole when he pleaded guilty to first-degree battery in

connection with the inmate attack.  In his counseled amended habeas petition,

Mitchell claims that parole eligibility was a term in the plea deal he negotiated

with the State and seeks specific performance of the alleged deal.  He also claims

that his due-process rights were violated because of a mistaken notation in a time

card, since corrected, that incorrectly flagged his first-degree battery as a Class Y

(rather than a Class A) felony.  For the reasons given below, his first claim is time-barred, not cognizable, unexhausted, and meritless; his second claim is moot. Accordingly, his amended petition should be dismissed and a certificate of appealability denied.

## II.    Facts and Procedural History

### A.    Mitchell's 2018 first-degree battery conviction.

On August 30, 2018, Mitchell and three of his fellow inmates at the Hot Spring County Detention Center savagely attacked another inmate, Ivan Dixon, leaving Dixon with a concussion, a fractured orbital bone, and lacerations on his face.  Doc. No. 39-1 at 4-5.  On September 10, 2019, Mitchell pleaded guilty in Hot Spring County Circuit Court to one count of first-degree battery, a Class B felony, in violation of Ark. Code Ann. § 5-13-201 (Repl. 2013), and the sentencing enhancement for violent criminal group activity in violation of Ark. Code Ann. § 5-74-108 (Repl. 2016).  *See* Doc. No. 12-1 at 1 (sentencing order).  The enhancement raised the classification of his first-degree battery from a Class B felony to a Class A felony.  Ark. Code Ann. § 5-74-108(b) (Repl. 2016).

Mitchell also pleaded guilty to being habitual offender with four or more previous felony convictions.  Doc. No. 12-2 at 1 (showing that Mitchell was sentenced as a habitual offender pursuant to Ark. Code Ann. § 5-4-501(b)), 39-5 at

8, 10-11, 15 (plea colloquy).  From a possible sentencing range of 6 to 60 years, he received a sentence 17 years' imprisonment in the Arkansas Division of Correction ("ADC").  *See* Ark. Code Ann. § 5-4-501(b)(1)(A)(ii), (2)(B) (Supp. 2017) (providing that a defendant who has previously been convicted or found guilty of four or more felonies may be sentenced to a range of 6 to 60 years for a Class A felony).

**B.    Mitchell's previous conviction for a violent felony renders him ineligible for parole.**

In 2018, Arkansas law provided that a defendant who is convicted of his or her second violent felony offense was categorically ineligible for parole.  Ark. Code Ann. § 16-93-609 (Supp. 2017) ("Any person who commits a violent felony offense or any felony sex offense subsequent to August 13, 2001, and who has previously been found guilty of or pleaded guilty or nolo contendere to any violent felony offense or . . . shall not be eligible for release on parole by the board."). First-degree battery was classified as a violent felony offense in 2018.  Ark. Code Ann. § 5-4-501(d)(2)(vi).  And, when he pleaded guilty to first-degree battery, Mitchell had a qualifying prior violent felony conviction, first-degree domestic battering.  *See* Doc. No. 1 at 6 (reflecting first-degree domestic battering conviction in Garland County Case No. CR-2008-560); Judgment and Commitment Order, *at* https://caseinfo.arcourts.gov/opad/case/26CR-08-560 (entry

of April 7, 2010) (listing the date of offense as October 15, 2008); *see also* Ark. Code Ann. § 5-4-501(d)(x) (Supp. 2007).  Thus, as a matter of law, Mitchell was ineligible for parole on his 2018 first-degree battery conviction.

**C.     Mitchell's 2019 and 2023 Time Computation Summary cards.**

On October 11, 2019, Mitchell received a Time Computation Summary from the ADC that accurately reflected the classification of his first-degree battery as a Class A felony, but inaccurately reflected that he was eligible for parole for that conviction.  Doc. No. 1 at 6 (entries for CR-2018-261).  On February 3, 2023, Mitchell received a Time Computation Summary that accurately stated that he was ineligible for parole on his 2018 first-degree battery conviction, but inaccurately stated that first-degree battery was a Class Y felony.  Doc. No. 1 at 7.

The February 3, 2023 Time Computation Summary stated that Mitchell's transfer and parole eligibility date was March 2, 2036, "as of" April 21, 2020. Doc. No. 1 at 7.  Mitchell filed a grievance with the ADC on March 16, 2023. Doc. No. 12-4 at 2.  On April 6, 2023, the Warden found Mitchell's grievance to be without merit.  Doc. No. 12-4 at 1.  Mitchell then filed another grievance on December 4, 2023. Doc. No. 12-5 at 2.  On December 29, 2023, the Warden found that grievance to be meritless.  Doc. No. 12-5 at 1.

4

Additionally, on May 9, 2023, Mitchell filed a *pro se* state habeas corpus petition, under Ark. Code Ann. § 16-112-101 *et seq.* in Lee County Circuit Court. *See* Doc. No. 12-6 at 3.  In support of that petition, Mitchell attached documents indicating that he asked Respondent about his parole eligibility date on January 19, 2023, and was told that it had been adjusted to March 3, 2036.  Doc. No. 12-6 at 20.  Mitchell also attached a letter from the ADC records supervisor, dated February 9, 2023, explaining to Mitchell why his parole-eligibility date had been modified, *viz.*, that under Ark. Code Ann. § 16-93-609, his previous first-degree domestic battering conviction rendered him ineligible for parole.  Doc. No. 12-6 at 23.

The circuit court denied Mitchell's habeas corpus petition on the same day it was filed, May 9, 2023.  Doc. No. 12-7.

## D.     Proceedings on Mitchell's original pro se habeas petition.

Mitchell filed his original pro se federal habeas petition on August 10, 2023. Doc. No. 1 at 1.  In it, Mitchell claimed that the ADC's listing of his first-degree battery as a Class Y felony, and its recalculation of his parole-eligibility date, were due-process violations and were ex post facto application of parole statutes that were not in effect at the time of his offense.  Doc. No. 1 at 2, 9-15.

5

On January 9, 2024, this Court directed the Clerk to serve the petition on Respondent. Doc. No. 9. The Court ordered Respondent to file "an answer, motion or other response" to the petition in compliance with Habeas Rule 5. *Id*. at 1. The Court ordered Respondent to include the following items with his responsive pleading: Mitchell's judgment of conviction; "the docket sheet from the sentencing court evidencing the history of the proceedings[;]" Mitchell's sentencing order or orders; "[a]ny transcripts from [Mitchell's] underlying state proceedings relating to his claims;" any orders or opinions from the Arkansas appellate courts disposing of a direct appeal on his part; any sentencing-court order dismissing a postconviction motion or petition; and any orders or opinions from the Arkansas appellate courts disposing of a postconviction appeal. *Id*. at 1-2.

Respondent moved to dismiss Mitchell's petition, Doc. No. 11, making three arguments in support. *See* Doc. No. 12.[1] First, Respondent argued that Mitchell's claims were time-barred by AEDPA's one-year statute of limitations. *Id*. at 4-6. Respondent's alternative arguments were that Mitchell's claim—that Respondent

---

[1] Pursuant to the Court's order, Doc. No. 9, Respondent attached Mitchell's plea agreement, sentencing order, docket sheet, documents reflecting Mitchell's grievances, and a copy of a state habeas petition Mitchell filed. Doc. No. 12, Exs. A-G. Respondent did not obtain Mitchell's plea colloquy because his petition did not challenge his underlying convictions and, thus, did not seem to be related to his claims.

had erroneously applied Arkansas state law governing eligibility for parole—was
not cognizable in federal habeas, or, if a federal claim, was procedurally defaulted.
*Id*. at 7-10.  Finally, Respondent requested leave to plead further in the event the
Court ruled that it could reach the merits of Mitchell's claim.  *Id*. at 10.

Mitchell filed a response, styled a motion to submit written objections, as
well as a motion to amend his response.  Doc. Nos. 16, 18.  In pertinent part, in
response to Respondent's assertion that the ADC correctly determined that he was
not parole eligible, Mitchell argued that the subsection of the habitual-offender
statute he was sentenced under, Ark. Code Ann. § 5-4-501(b), did not provide for a
finding of parole ineligibility, but only an enhanced term-of-years sentencing
range.  Doc. Nos. 16 at 3-4, 18 at 4-5.  Mitchell pointed out that the only provision
of § 501 that bars parole eligibility, § 501(d), requires the defendant to have been
convicted of *two* or more previous violent felony convictions—and he'd only been
convicted of one.  *Id*. at 4-6.  Mitchell urged that the ADC's determination that he
was ineligible for parole was a misapplication of Arkansas's parole laws and
violated the Arkansas Constitution's separation-of-powers provision.  *Id*. at 4.

Mitchell also argued that the Time Computation Summary listing his first-
degree battery as a Class Y felony was tantamount to resentencing him, which
violated the separation of powers under the Arkansas Constitution.  Doc. No. 18 at

5, 8.  Mitchell also alleged for the first time that his plea agreement provided that
the state sentencing court would order that he be eligible for parole when he
pleaded guilty to first-degree battery.  Doc. No. 16 at 2.  In support of that
assertion, Mitchell attached a copy of the plea statement filed in state court and the
state circuit judge's docket notes memorializing his September 2019 guilty plea.
Doc. No. 18 at 10-12.  Neither of those documents, however, addressed parole
eligibility at all.  *See id*.

This Court subsequently denied Respondent's motion to dismiss and ordered
Respondent to file a formal response pursuant to Habeas Rule 5.  *See* Doc. No. 26,
27.  Respondent then filed a response arguing that Mitchell's claims were
procedurally defaulted and not cognizable in federal habeas.  Doc. No. 29.
Mitchell filed a motion for appointment of counsel, which was granted.  Doc. No.
30, 34.  The Court ordered submission of Mitchell's plea agreement, evidence of
plea negotiations, and transcripts of Mitchell's plea colloquy and sentencing
proceedings.  Doc. No. 34 at 3-4.  The Court also denied all of Mitchell's
outstanding motions, including his motion to amend his response, Doc. No. 18.
Doc. No. 34 at 4.  Appointed habeas counsel moved to file an amended petition,
which was granted.  Doc. No. 37, 38.

E.    **The instant amended and substituted petition.**

Under Rule 15 of the Federal Rules of Civil Procedure, Mitchell's counseled petition supersedes his original, pro se petition. *See* 28 U.S.C. § 2254 Rule 12 (providing that the Federal Rules of Civil Procedure are applicable in cases proceeding under § 2254 to the extent they are not inconsistent with the Habeas Rules). When a pleading, such as a petition or complaint, is amended pursuant to Rule 15, it "supersedes an original complaint and renders the original complaint without legal effect." *Allen v. Amsterdam*, 132 F.4th 1065, 1068 (8th Cir. 2025). While an original complaint does not become null and void if the amended complaint adopts or incorporates it by reference, *see, e.g.*, *New Orleans Ass'n of Cemetery Tour Guides & Companies v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023), Mitchell's amended petition does not adopt or incorporate his initial petition. *See* Doc. No. 39 at 1-8. Accordingly, Mitchell's original petition is now "without legal effect[,]" *Allen*, 132 F.4th at 1068, and this response will only address the two claims raised in Mitchell's amended petition.

The claims Mitchell raises through counsel are: (1) breach of his plea agreement based on the allegation that counsel told him he would be eligible for parole if he pleaded guilty to first-degree battery, and (2) that the mistake on his Time Computation Summary, listing his first-degree battery conviction as a Class

Y felony instead of a Class A felony, was a due-process violation.  Doc. No. 39 at

6-7.  As to his first claim, Mitchell seeks "an order requiring specific performance

of the plea agreement he believed he bargained for," i.e., a declaration that he is

parole eligible.  *Id*. at 1.  As to his second, Mitchell seeks an order requiring

Respondent to correctly identify his first-degree battery as a Class A felony.  *Id*. at

1-2.

### F.  Reasons Relief Should be Denied

As will be demonstrated below, Mitchell's first claim is untimely and, in the

alternative, unexhausted, not cognizable in federal habeas, and meritless.  And his

second claim is now moot, as Respondent has corrected the records that mistakenly

identified his first-degree battery conviction as a Class Y felony.  Accordingly,

relief should be denied.

### A.    Claim 1 – Breach of Plea Agreement

### i.  Mitchell's claim is barred by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a

one-year statute of limitations governing the filing of federal habeas petitions by

state prisoners, which runs from the latest of four specified dates.  28 U.S.C. §

2244(d)(1).  This case concerns the fourth of those: the date on which the factual

predicate of the claim presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).

Mitchell could have discovered the factual predicate of his claim of a breach of his plea agreement through due diligence no later than January 20, 2023, when he learned that the ADC had corrected his parole eligibility date.  *See* Doc. No. 12-6 at 20.  Respondent noticed the erroneous classification of Mitchell as parole eligible on January 13, 2023, and corrected it at that time.  Resp't Ex. A at 1 ("offender convicted of Battery I and has prior conviction of Domestic Battery I[.] Please review TCF…  TCF corrected to reflect 100%").  Mitchell could have requested and received a Time Computation Card at any point following January 20, 2023, which would have accurately shown that he was not eligible for parole.  Accordingly, the one-year statute of limitations began to run on January 20, 2023, and expired on January 20, 2024, rendering the instant petition, which was filed on August 4, 2025, untimely by 562 days.

Under the AEDPA, a petitioner is entitled to statutory tolling for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Mitchell filed a state habeas corpus petition on May 9, 2023, which was denied that same day.  Doc. No. 12-6 at 3; Doc. No. 12-7 at 1.  That

petition, which, Respondent acknowledges, was a properly-filed application for collateral relief as to the claim raised in his pro se habeas petition, tolled the statute of limitations for the 30 days that Mitchell could have appealed the circuit court's denial of his petition. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (properly-filed state postconviction petition remains pending during the time the prisoner could have filed a timely notice of appeal from the denial of relief).

Mitchell filed one grievance with the ADC on March 14, 2023, which was denied 23 days later on April 6, 2023. Doc. No. 12-4 at 1-2. Mitchell then filed a second grievance on November 28, 2023, which was denied 31 days later on December 29, 2023. Doc. No. 12-5 at 1-3. Mitchell's prison grievances, however, did not toll the statute of limitations because they do not qualify as petitions for post-conviction or other collateral review. The phrase "'collateral review' of a judgment or claim means a *judicial* reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011) (emphasis added). Mitchell's grievances were administrative in nature rather than judicial. Thus, with the application of 30 days' statutory tolling, Mitchell's petition is untimely by 532 days.

Further, Mitchell has shown no basis for equitably tolling the statute of limitations. A federal habeas petitioner is entitled to equitable tolling if he shows

he pursued his rights diligently and some extraordinary circumstance external to him stood in his way and prevented timely filing. *E.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an exceedingly narrow window of relief and proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *E.g.*, *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (quoting *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007)). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. *E.g.*, *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace*, 544 U.S. at 418).

Mitchell has not pursued his rights diligently. He has known of his change in parole eligibility no later than January 20, 2023. He did not bring this claim until well over two years later—too late to satisfy the diligence requirement. *See*, *e.g.*, *Williams v. Kelley*, 830 F.3d 770, 773 (8th Cir. 2016) (delay of three months held insufficiently diligent to warrant equitable tolling of the AEDPA statute of limitations); *Gordon v. Arkansas*, 823 F.3d 1188, 1195-96 (8th Cir. 2016) (same, nine months). Consequently, Mitchell has failed to show the requisite diligence in pursuing his claim.

Nor has Mitchell identified any extraordinary circumstances beyond his control that made it impossible to raise his claim within the time required by the

statute of limitations.  Insofar as he may invoke a lack of legal knowledge or pro se status prior to his being granted counsel, "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted[.]"  *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Accordingly, Mitchell is entitled to no tolling.

Finally, the relation-back doctrine—which allows claims in an amended petition to benefit from an earlier filing date if the claims "relate back" to the claims in the original, timely petition—does not apply to Mitchell's claim of a breach of his plea agreement.  Under Federal Rule of Civil Procedure 15(c), an amendment to a pleading that would otherwise be untimely relates back to the filing date of the original pleading if "the amendment asserts a claim … that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading[.]"  Fed. R. Civ. P. 15(c)(1)(B).  To relate back in the habeas context, the original and amended claims must be "tied to a common core of operative facts[.]"  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  The new claim "must be of the same 'time and type' as those in the original [petition], such that they arise from the same core set of operative facts."  *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010).

Mitchell's original petition claimed that the ADC changed his parole eligibility in the midst of his incarceration and erroneously applied parole statutes ex post facto to do so. Doc. No. 1 at 1-15. At no point in his original petition did he raise any federal claim for relief related to his plea negotiations or advice from trial counsel during those negotiations. The claims in his original petition were predicated on the actions of the ADC—modification of his parole-eligibility status based on his prior first-degree domestic battering offense—whereas his current claim is predicated on facts that occurred prior to the entry of his guilty plea—namely, that he was advised by counsel he would be parole eligible. Doc. No. 39 at 1-6.[2] Accordingly, Mitchell's first claim requires a finding of fact that his

---

[2] Respondent recognizes that Mitchell complained in his response to Respondent's motion to dismiss that he pleaded guilty under the agreement he would be parole eligible after serving one-third or one-half of his sentence, Doc. No. 16 at 2. But Mitchell did not identify his allegation as a ground for federal relief. *See* Doc. No. 16 at 2. Respondent did not read the allegation as a separate federal ground seeking specific performance of his (alleged) plea agreement, but instead, took Mitchell's assertion as an additional reason Mitchell thought he was wronged when the ADC corrected his Time Computation Summary to correctly apply Ark. Code Ann. § 16-93-609 to his first-degree battery sentence. *Cf. Toombs v. Kelley*, No. 5:16-cv-00014-JLH/JTR, 2017 WL 3701151 *3 (E.D. Ark. Aug. 3, 2017) ("While the Court is required to construe [a petitioner's] Petition liberally, this does not relief [the petitioner] of his burden to state the facts supporting each ground for relief. Additionally, the Court **is not required to construct legal arguments to support [a petitioner's] . . . conclusory and factually unsupported allegations**.") (emphasis supplied), *report and recommendation adopted*, 2017 WL 3699853 (E.D. Ark. Aug. 25, 2017), *certificate of appealability denied*, No. 17-2984, 2018 WL 1580334 (8th Cir Feb. 16, 2018).

original claims do not—that his trial counsel advised him he would be parole eligible—and this claim does not relate back to his original petition. *See Taylor v. U.S.*, 792 F.3d 865, 871 (8th Cir. 2015) (where claims in original petition and amended petition required findings of fact exclusive to each other, they do not arise out of the same set of operative facts, and amended complaint does not relate back).

Further, while Mitchell first raised factual allegations supporting this claim in his response to Respondent's motion to dismiss, *see* Doc. No. 16 at 2 ("agreement and understanding he was entering such a reciprocated plea because the court was only ordering him to serve 1/3 to ½ of his sentence, pursuant to parole eligibility…"), this claim relating back to that pleading would not render it timely. Mitchell's response to Respondent's motion to dismiss was filed on June 5, 2024, which is still beyond the January 20, 2024, deadline, even accounting for the 30 days of statutory tolling resulting from Mitchell's state habeas corpus proceeding. Mitchell's claim of a breach of his plea agreement is therefore untimely and should be dismissed.

### ii. Mitchell's claim is unexhausted.

Before a petitioner can seek federal habeas relief, he or she ordinarily must "exhaust the remedies available in the courts of the State." 28 U.S.C.

2254(b)(1)(A).  State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. 2254(c).  State prisoners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838 845 (1999).  An Arkansas prisoner may challenge the computation of his or her sentence through a petition for declaratory judgment and mandamus in state court. *See Engram v. Norris*, No. 5:07-cv-00187- SWW, 2009 WL 2151758 (E.D. Ark. July 17, 2009).  The remedies include the filing of petitions for declaratory judgment and mandamus in state court. *See Winnett v. Payne*, No. 4:24-cv-00410-JM-PSH, 2024 WL 3558816 (E.D. Ark. July 10, 2024), *report and recommendation adopted*, No. 4:24- cv-00410-JM, 2024 WL 3553859 (E.D. Ark. July 25, 2024). "Arkansas prisoners have utilized these statutes to seek judicial review of the ADC's alleged miscalculation of a sentence, projected release date, or parole eligibility date."  *See Engram v. Norris*, 2009 WL 2151758, 3 (citing *Boles v. Huckabe*e, 340 Ark. 410, 12 S.W.3d 201 (2000); *Kelley v. Washington*, 311 Ark. 73, 843 S.W.2d 797 (1992)).

Mitchell's claim, at bottom, seeks a declaration that he is parole eligible.  As such, the claim is unexhausted, and the instant petition should be dismissed.

### iii. Mitchell's claim is not cognizable.

Were Mitchell able to show this claim is timely and not procedurally defaulted, it nonetheless should be dismissed because it is not cognizable in this proceeding.  The central focus of the writ of habeas corpus is to provide a remedy for prisoners who are challenging the fact or duration of their physical confinement and are *seeking immediate or a speedier release.  See Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).  If a prisoner does not challenge the validity of his conviction or the length of his detention, then a writ of habeas corpus is not the proper remedy.  *E.g.*, *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

Mitchell concedes he is not seeking immediate or speedier release.  At bottom, he seeks an order declaring him parole eligible.  Doc. No. 39 at 6 ("On this claim, Petitioner Mitchell seeks an order requiring specific performance of the plea agreement he believed he bargained for: namely, regular one-third or one-half parole eligibility.").  The Arkansas parole statutes create only a possibility of parole, and do not establish any right to release on parole which might give rise to a liberty interest capable of supporting a due process claim.  *See Pittman v. Gaines*, 905 F.2d 199, 205 (8th Cir. 1990) (Arkansas' parole statute does not create a liberty interest in parole because the board's determinations regarding parole are discretionary); *Parker v. Corrothers*, 750 F.2d 653, 655-657 (8th Cir. 1984)

(same); *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) (same).

Because of this discretion with the Parole Board, Mitchell's claim, even if it were

successful, would not necessarily result in speedier release, and it therefore does

not "lie[] at the 'core of habeas corpus.'" *Wilkinson v. Dotson*, 544 U.S. 74, 82

(2005) (citation omitted). As was the case for the petitioners in *Wilkinson*,

"[s]uccess for [Mitchell] does not mean immediate release from confinement or a

shorter stay in prison; it means at most new eligibility review, which at most will

speed *consideration* of a new parole application." *Id*. Accordingly, Mitchell's

claim is not cognizable in federal habeas and should be dismissed.

### iv. Mitchell's claim is meritless.

In any event, Mitchell's claim that his plea agreement has been violated is

meritless. "[W]hen a plea rests in any significant degree on a promise or

agreement *of the prosecutor*, so that it can be said to be part of the inducement or

consideration, such a promise must be fulfilled." *Santobello v. New York*, 404 U.S.

257, 262 (1977). However, Mitchell alleges only that his *defense counsel* told him

that he would be parole eligible: "During the plea negotiation process," Mitchell

alleges, defense counsel "advised Petitioner Mitchell that he would have regular

one-third or one-half parole eligibility[.]"  Doc. No. 39 at 6.[3]  While he claims "[i]t was the specific intent of the plea bargain that Petitioner Mitchell would have regular one-third or one-half parole eligibility," the record does not support this assertion.  Mitchell's plea statement provides that "[t]he defendant and his/her counsel certify that they fully understand the parole eligibility of the Arkansas statutes."  Doc. No. 39-4 at 1.  Mitchell's plea statement does not state that *the parties* agreed that he would be eligible for parole.  *See id*. at 1-2.  Neither the parties nor the state circuit court addressed parole in his plea colloquy.  *See* Doc. No. 39-5 at 1-20.  This is unsurprising, given that parole eligibility is solely within the province of the ADC, and the trial court has no authority to determine parole eligibility.  *See*, *e.g.*, *Cridge v. Hobbs*, 2014 Ark. 143, at 4 (reciting the well-established rule that "the ADC, not the sentencing court, determines parole eligibility," and a trial court has no authority "to place conditions as to parole eligibility on the sentence announced.") (citations and quotations omitted).  Accordingly, even if it were timely, cognizable, and not procedurally defaulted, Mitchell's claim of a breach of his plea agreement is meritless and should be denied.

---

[3] Mitchell's counseled petition does not state whether defense counsel corroborated this assertion during habeas counsel's interview with him.  *See id*.

**B.      Claim 2 is Moot.**

Mitchell's second claim in his amended petition—that his due process rights were violated by the ADC's internal documents listing his offense classification as a Class Y felony as opposed to a Class A felony—is now moot.  The ADC has made the necessary change, reflected by the ADC's internal records, including a Release Date Calculation form, attached as Respondent's Exhibit A, and Mitchell's offense classification is now accurately listed as a Class A felony.  Resp't Ex. A ("Felony Class: A Felony").  Mitchell's due-process claim is therefore moot.

In sum, Mitchell's claims are both either untimely, not cognizable, unexhausted, meritless, or moot.  Accordingly, his amended petition must be denied and dismissed and a certificate of appealability denied.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By: /s/ Walker K. Hawkins
WALKER K. HAWKINS
Arkansas Bar No. 2018148
Assistant Attorney General
101 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 682-8112 [phone]
(501) 682-2083 [fax]
walker.hawkins@arkansasag.gov

**ATTORNEYS FOR RESPONDENT**

21