IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **ROBERT S. MITCHELL** | **PETITIONER** |
| vs. | No. 4:23-cv-00742-LPR-JTK |
| **DEXTER PAYNE,** *Director, Arkansas Division of Correction* | **RESPONDENT** |

**PETITIONER'S REPLY IN SUPPORT OF HIS
AMENDED PETITION FOR A WRIT OF HABEAS CORPUS**

COMES NOW Petitioner Mitchell by his attorney Andrew Thornton, and for his reply in support of his amended petition for a writ of habeas corpus (Doc. No. 39) and in opposition to Respondent Payne's response (Doc. No. 40) would respectfully show the Court as follows:

**A.   Claim one of Petitioner Mitchell's amended petition is not time-barred because it relates back to his original petition.**

Claim one of Petitioner Mitchell's amended petition (Doc. No. 39) is not time-barred because it relates back to his original handwritten pro se petition (Doc. No. 1).

**1.   Legal standard.**

Claims made in an amended petition relate back to the original petition when the amendment asserts a claim that arose out of the same "conduct, transaction, or occurrence set out— or attempted to be set out—in the original" petition. Fed. R. Civ. P. 15(c)(1)(B). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (citation omitted). "An amended habeas petition . . . does not relate back (and thereby escapes AEDPA's one-year limit) when it asserts a

new ground for relief supported by facts that *differ in both time and type* from those the original pleading set forth." *Id.* at 650 (emphasis added).

"Rule 15(c)(1)(B) allows relation back to an occurrence that was only '*attempted* to be set out' in the original pleading, which necessarily contemplates that the original pleading may be inadequately pleaded yet still support relation back." *Ross v. Williams*, 950 F.3d 1160, 1170 (9th Cir. 2020) (en banc) (emphasis in original; quoting Fed. R. Civ. P. 15(c)(1)(B); citations omitted). "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984) (per curiam) (citation omitted).

**2.    Argument.**

The facts alleged in claim one of the amended petition do not "differ in both time and type," *Mayle*, 545 U.S. at 650, from those alleged in the original petition, so claim one of the amended petition relates back to the original.

Liberally construed, Petitioner Mitchell's original handwritten pro se petition alleged that Respondent Payne was unlawfully applying Act 1805—codified at Ark. Code Ann. § 16-93-609(b) and commonly called the "one hundred percent rule"—to Petitioner Mitchell. (*See* Doc. No. 1 at 2 ("On February 03 202[3], the petitioner received a new time card . . . also placing petitioner

under a sentence of Act 1805 which is a violation of petitioner's constitutional rights to due process of law," etc.).)

The change in legal theory from the original petition to claim one of the amended petition is of no moment. "The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the *factual situation* upon which the action depends remains the same and has been brought to defendant's attention by the original pleading." 6A Wright & Miller, Federal Practice & Procedure–Civil § 1497 (3d ed.) (updated May 20, 2025) (emphasis added). All that is required is that the new facts do not "differ in both time and type" from the original facts. *Mayle*, 545 U.S. at 650.

In his original petition, Petitioner Mitchell attempted to set out that his prison sentence was supposed to have normal one-half or one-third parole eligibility. *See* Fed. R. Civ. P. 15(c)(1)(B). His original petition put Respondent Payne on notice of that. Claim one of his amended petition alleged additional facts related to that *same* "conduct, transaction, or occurrence." *Id.* Therefore, claim one of the amended petition relates back to the original petition and is not time-barred.

**B.     Claim one of Petitioner Mitchell's amended petition should be deemed exhausted.**

Claim one of Petitioner Mitchell's amended petition (Doc. No. 39) should be deemed exhausted under 28 U.S.C. § 2254(b)(1).

Petitioner Mitchell raised his claims before the Circuit Court of Lee County, Arkansas, by filing pro se a state habeas petition on May 9, 2023. (Doc. No. 12-6.) It was denied the same day it was filed. (Doc. No. 12-7.) This should be enough to have "exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). The contrary U.S. Supreme Court holding—that a petitioner must have also presented his claims to the state *appellate* courts, *e.g.*, *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 845 (1999)—goes beyond the text of § 2254(b)(1)(A) and should be overruled.

Alternatively, if the Court finds this claim unexhausted, the Court should analogize the miscarriage of justice/actual innocence exception to procedural default to the exhaustion requirement. Because his plea bargain was for regular one-half or one-third parole eligibility (*see generally* Doc. No. 39), it would be a miscarriage of justice to apply Ark. Code Ann. § 16-93-609(b) to him.

C.     **Claim one of Petitioner Mitchell's amended petition is cognizable.**

Claim one of Petitioner Mitchell's amended petition (Doc. No. 39) is cognizable under 28 U.S.C. § 2254.

For the contrary proposition, Respondent Payne cites *Wilkinson v. Dotson*, 544 U.S. 74 (2005), but *Wilkinson* does not specifically hold that parole eligibility was unavailable relief in habeas proceedings. *See id.* at 89 (Kennedy, J., dissenting) ("[T]he Court does not seem to deny that respondents' claims indeed could be cognizable in habeas corpus proceedings."); *see also* Brian R. Means, Federal Habeas Manual § 1:35 (June 2025 update) (of *Wilkinson*: "[I]n determining that a § 1983 claim was available for this type of action, and in keeping with the reasoning of its earlier decisions, the Court did not simultaneously preclude the possibility of relief through habeas corpus." (citing Justice Kennedy's dissent)).

Moreover, a prior court in the Eastern District of Arkansas has held exactly the opposite—namely, that this sort of claim *must* be brought in habeas. In *Weaver v. Arkansas Division of Correction*, No. 2:22-cv-93-DPM, 2022 WL 4626650, at *1 (E.D. Ark. Sept. 30, 2022), a case brought under 42 U.S.C. § 1983,

4

Weaver sa[id] that he was wrongly classified as a habitual offender; and that classification makes him ineligible for parole. Ark. Code Ann. § 16-93-609. Although he argue[d] that he is not seeking release, a judgment in his favor could lead to a shorter stay in prison. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). This type of claim may not be brought under § 1983 because it is, in essence, a *habeas* petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

*See also Trump v. J.G.G.*, 145 S. Ct. 1003, 1005 (2025) (per curiam) (holding that "immediate physical release [is not] the only remedy under the federal writ of habeas corpus" (brackets in original) (quoting *Peyton v. Rowe*, 391 U.S. 54, 67 (1968))).

### D. Claim one of Petitioner Mitchell's amended petition has merit.

Lastly, claim one of Petitioner Mitchell's amended petition (Doc. No. 39) has merit.

Respondent Payne's principal objection under this point is that Petitioner Mitchell "allege[d] only that his defense counsel"—not the prosecutor—"told him that he would be parole eligible." (Doc. No. 40 at 19.) Of course this is unsurprising, as the prosecutor ordinarily cannot speak directly with represented defendants. *See* Ark. R. Prof'l Conduct 4.2(a) ("[A] lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law.").

Admittedly the written record—for example, the written plea offers, the plea statement, and the plea colloquy (Doc. Nos. 39-2, 39-3, 39-4, 39-5)—does not include any statements about Petitioner Mitchell's specific parole eligibility. But Petitioner Mitchell believes that at an evidentiary hearing, his trial counsel and the prosecutor would confirm their understanding that

Petitioner Mitchell was expected to have regular one-half or one-third parole eligibility and that this was a condition of the plea bargain. This is the proper purpose of an evidentiary hearing, viz. "to test the truth of facts *already alleged* in the habeas petition." *Lenz v. Washington*, 444 F.3d 295, 304 (4th Cir. 2006) (emphasis in original) (citation omitted).

  WHEREFORE, for these reasons and those stated in his amended petition for a writ of habeas corpus (Doc. No. 39), Petitioner Mitchell prays this Honorable Court grant him a writ of habeas of corpus and all other relief just and proper.

              Respectfully submitted,

              ROBERT S. MITCHELL
              Petitioner

    By:  */s/ Andrew Thornton*
        Andrew Thornton, Ark. Bar No. 2016202
        Attorney at Law
        P.O. Box 13594
        Maumelle, AR 72113
        (425) 273-0907
        andrew@allwrits.com

        *Attorney for Petitioner Mitchell*

## CERTIFICATE OF SERVICE

I certify that on September 8, 2025, I electronically filed this document by CM/ECF, which will serve it upon the respondent's attorney of record.

              */s/ Andrew Thornton*