IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROBERT S. MITCHELL                                    PETITIONER

v.                        No. 4:23-cv-00742-LPR-JTK

DEXTER PAYNE, Director,
Arkansas Division of Correction                        RESPONDENT

RECOMMENDED DISPOSITION

I.    Procedure for Filing Objections:

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky.    Any party to this suit may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation.  If parties do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing the evidence in the record.  By not objecting, you may waive the right to appeal questions of fact.

II.    Background:

Robert S. Mitchell was sentenced as a habitual offender to seventeen years' imprisonment in 30CR-18-261 after pleading guilty to first-degree battery with the violent group activity enhancement.    He seeks *habeas* relief under 28 U.S.C. § 2254.    The undersigned's recommendation to deny Dexter Payne's motion to dismiss and to require a response to the petition was approved and adopted.  *Docs. 26 & 27.*  The undersigned thereafter appointed counsel, determined Mitchell's pending *pro se* motions were moot, and granted Mitchell's motion to file an amended petition.  *Doc. 34.*  Mitchell has filed an amended petition, *Doc. 39;* Payne responded, *Doc. 40;* and Mitchell has filed a reply, *Doc. 41.*

*

Because Mitchell's amended petition, filed on his behalf by counsel, does not adopt or incorporate his original *pro se* petition, the amended petition "supersedes [the] original complaint and renders the original complaint without legal effect." *Allen v. Amsterdam,* 132 F.4th 1065, 1068 (8th Cir. 2025). The undersigned therefore addresses only Mitchell's arguments raised in the amended petition.

In the amended *habeas* petition, Mitchell raises two claims. In Claim One, he argues that, before he entered his negotiated guilty plea, his trial lawyer failed to inform him that he would not be eligible for parole. Mitchell says his lawyer instead told him that he would be eligible for parole after serving one-third or one-half of his sentence. He says that, if his lawyer had correctly advised him that he would be ineligible for parole, he would not have entered a guilty plea and instead would have proceeded to trial. In Claim Two, Mitchell contends that the judgment correctly reflects that he was convicted of a Class A felony, and that the Arkansas Department of Correction (ADC) converted his conviction to a Class Y felony in violation of his due process right.

## III.    **Discussion:**

Mitchell, as a state prisoner, may seek a writ of *habeas corpus* in federal court, if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before seeking *habeas* review, Mitchell must have exhausted available state remedies by fairly presenting each of his claims in state court. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by involving one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845.

A claim is procedurally defaulted when the state court declined to review it because the petitioner failed to comply with a state procedural rule. *Coleman,* 501 U.S. at 729–32. Procedural default also occurs when a petitioner did not present a claim in state court and a remedy there is no longer available. *O'Sullivan*, 526 U.S. at 847–48. If a claim is procedurally defaulted, this Court can consider it only if Mitchell establishes either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

*

In 30CR-18-261, Mitchell entered a negotiated plea of guilty—as a habitual offender committing four or more prior felonies—to first-degree battery with the violent group activity enhancement in exchange for a seventeen-year sentence to be served concurrently with 30CR-17-377 (ten-year sentence for aggravated assault, a Class D felony) and time currently being served. *Docs. 39-4 through 39-6.* At the plea and sentencing hearing, Mitchell entered his guilty pleas and was sentenced in both 30CR-17-377 and 30CR-18-261. *Doc. 39-5.* The only reference to parole eligibility in the 30CR-18-261 plea agreement or at the plea and sentencing hearing was the plea agreement statement that "[t]he Defendant and his/her counsel certify that they fully understand the parole eligibility of Arkansas Statutes." *Docs. 39-4.* The sentencing order in 30CR-18-261, entered on September 27, 2019, classified Mitchell's first-degree battery's conviction as a Class A felony. *Doc. 39-6.*

Mitchell's ADC Time Computation Card, dated October 11, 2019, recognized that he was parole eligible for the first-degree battery conviction and classified the conviction as a Class A felony. *Doc. 1 at 6.* On January 13, 2023, Mitchell's ADC records were amended to reflect that he was not parole eligible on the first-degree battery conviction. *Doc. 12-4 at 3–4.* On January 19, 2023, Mitchell submitted an Inmate Request Form, asking about his parole eligibility date.

*Doc. 12-6 at 20.* Mitchell's ADC Time Computation Card, dated February 3, 2023, stated that he was not parole eligible for the first-degree battery conviction and that the conviction was a Class Y felony. *Doc. 39-7.* On February 9, 2023, the ADC Records Administrator responded to a letter from Mitchell, explaining that he was ineligible for parole under Ark. Code Ann. § 16-93-609 based on a prior violent felony (domestic battery) conviction. *Doc. 12-6 at 23.*

On March 15, 2023, Mitchell filed a grievance, arguing that the ADC had incorrectly amended his parole eligibility date and that he is eligible for parole under the law in effect at the time that he committed the first-degree battery. He also stated the ADC impermissibly changed his offense classification. The staff response informed Mitchell that he is not parole eligible based on the prior domestic battery conviction. *Doc. 12-4 at 2 & 5.* The warden found Mitchell's grievance was without merit because his parole eligibility had been correctly computed. The warden determined that, under the statute in effect at the time of Mitchell's sentencing for the first-degree battery conviction, his previous domestic battery conviction precluded parole eligibility. *Doc. 12-4 at 1. Id.* He filed a similar grievance again on December 5, 2023. *Doc. 12-5 at 2.* The warden again determined his grievance was without merit. *Doc. 12-5 at 1.* Mitchell did not appeal either of the warden's decisions.

On May 9, 2023, Mitchell filed a *pro se habeas* petition in the Lee County Circuit Court, arguing the ADC had miscalculated his parole eligibility date and illegally modified his first-degree battery conviction from a Class A to a Class Y felony. *Doc. 12-6.* On the same day, the circuit court denied the petition based on a lack of probable cause, *Doc. 12-7.* Mitchell did not appeal. On August 10, 2023, Mitchell filed his federal *pro se habeas* petition, which is a copy of his state *habeas* petition. *Doc. 1.* After the undersigned appointed counsel, Mitchell filed an amended petition on August 4, 2025. *Doc. 39.*

4

A.    **Statute of Limitations**:

Under the applicable *habeas* limitations provision, the one-year limitations period began to run from the date that Mitchell could have discovered the predicate of his claims with due diligence.  28 U.S.C. § 2244(d)(1)(D).  Based on this record, Mitchell first learned that he is ineligible for parole and that the ADC had classified his first-degree battery conviction as a Class Y felony when he received the ADC Time Computation Card, dated February 3, 2023.  *Docs. 39 at 5 & 39-7.*  The limitations period was tolled for one day while his state *habeas* petition was pending.  28 U.S.C. § 2244(d)(2).  The undersigned concludes Mitchell's original *pro se habeas* petition therefore was timely when filed on August 10, 2023.  *Doc. 1.*

Because Mitchell filed the amended petition outside the limitations period on August 4, 2025, *Doc. 39*, the amended petition is timely only if it relates back to the timely filed original petition under Rule 15(c) of the Federal Rules of Civil Procedure.  Mitchell's claims in the amended petition relate back to the original petition if the new claims arise out of the same "conduct, transaction, or occurrence set out . . . in the original" petition.  Fed. R. Civ. P. 15(c)(1)(B).  "To arise out of the same conduct, transaction or occurrence, the claims must be 'tied to a common core of operative facts.'"  *Dodd v. United, States,* 614 F.3d 512, 515 (8th Cir. 2010) (quoting *Mayle v. Felix,* 545 U.S. 644, 664 (2005)).  "An amended motion may raise new legal theories only if the new claims relate back to the original motion by arising out of the same set of facts as the original complaint."  *Id.* (quotations and alterations omitted).  "The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim."  *Id.* (citation omitted).

In the original *pro se* petition, Mitchell raised constitutional violations based on allegations that the ADC altered the judgment's offense classification of first-degree battery and incorrectly

applied parole eligibility statutes.  In the amended petition, Mitchell similarly contends the ADC unconstitutionally altered the first-degree battery offense classification.  He also argues that, if his trial lawyer had informed him that he would be ineligible for parole, he would not have entered a guilty plea.  With respect to parole eligibility in the amended petition, Mitchell does not challenge the ADC's actions or argue that he is parole eligible.  Unlike in the original petition, his claim is based on his trial lawyer's failure to correctly advise him.

The undersigned concludes that both claims in the amended petition share a common core of facts with their counterparts in the original petition and that the facts alleged in the original petition were sufficiently specific to provide the required notice.  Based on the conclusion that the amended claims arise from the same operative facts as the allegations made in the original petition, the undersigned determines that the amended claims relate back to the original petition and therefore are timely filed.

### B.     Ineffective Assistance of Counsel:

In Claim One, Mitchell contends that, if his trial lawyer had advised him that he was ineligible for parole, he would not have entered a guilty plea.  He says his "intent" was that he was eligible for parole under the plea agreement, and he seeks an order requiring specific performance of the agreement.  *Doc. 39 at 6.*  Mitchell does not contend that he is, in fact, eligible for parole.  He instead argues that his lawyer incorrectly advised him on his parole eligibility and that, but for the incorrect advice, he would not have accepted the plea agreement.  The undersigned therefore construes Mitchell's claim as an ineffectiveness-of-trial-counsel claim.  Because Mitchell raises the claim for the first time on *habeas* review and a remedy is no longer available in state court, the claim is procedurally defaulted.  *O'Sullivan*, 526 U.S. at 847–48.

Mitchell does not argue procedural default is excused by cause and prejudice.  But he seems to contend his default is overcome based on actual innocence because parole eligibility was part of his plea agreement.  The undersigned does not find Mitchell's argument convincing.  Mitchell does not contend that "it is more likely than not that no reasonable juror would have convicted him in light of new evidence.  *Schlup v. Delo,* 513 U.S. 298, 326–27 (1995).

Under Arkansas law, first-degree battery is defined in pertinent part as "caus[ing] serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life."  Ark. Code Ann. § 5-13-201(a)(3).  *See* Ark. Code Ann. § 5-13-201(c)(1) (first-degree battery is a Class B felony).  "Upon conviction of a crime of violence committed while acting in concert with two (2) or more other persons, the classification and penalty range is increased by one classification."  Ark. Code Ann. § 5-74-108(b).  Before the trial court accepted Mitchell's guilty plea to first-degree battery—with the violent group activity enhancing the offense to a Class A felony, Mitchell admitted the facts underlying his plea:  While Mitchell was detained at the Hot Spring County Jail, he, along with three other individuals, attacked another detainee, knocking the victim unconscious, kicking him in the face, and causing a fracture to his orbital socket.  *Doc. 39-5 at 17–18.*  The facts admitted by Mitchell at the plea and sentencing hearing do not support a claim of actual innocence.  On *habeas* review, Mitchell does not deny committing the crime.  Because Mitchell has not demonstrated procedural default is excused by cause and prejudice or overcome by actual innocence, the undersigned recommends denial of the claim.

\*

The undersigned also considers the ineffectiveness claim under alternative merits analysis.  The familiar *Strickland v. Washington* standard for evaluating ineffectiveness claims based on attorney error and resulting prejudice applies to Mitchell's guilty plea challenge.  *Hill v. Lockhart,*

474 U.S. 52, 58 (1985) (citing 466 U.S. 668 (1984)).  He must demonstrate his lawyer's representation "'fell below an objective standard of reasonableness.'"  *Id.* at 57 (quoting *Strickland,* 466 U.S. at 687–88).  The prejudice element "focuses on whether counsel's constitutionally ineffective performance affected the outcome the plea process."  *Id.* at 59. Mitchell must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.*

Act 1805 of 2001, in effect when the judgment was entered, addresses parole eligibility with prior conviction of enumerated prior violent felony offenses:

> (b) Any person who commits a violent felony offense or any felony sex offense subsequent to the effective date of this 2001 Act, and who has previously pled guilty or nolo contendere, or been found guilty of any violent felony offense, or any felony sex offense, shall not be eligible for release on parole by the Post Prison Transfer Board.

> (c) For purposes of this section, "a violent felony offense or any felony sex offense" means those offenses listed in § 5-4-501(d)(2).

2001 Arkansas Laws Act 1805, codified at Ark. Code Ann. § 16-93-609(b)(c) (2001).[1]  Since 2001, first-degree battery and first-degree domestic battery have consistently been included in the statutory list of enumerated "violent felony offenses."  2001 Arkansas Laws Act 1553, codified at Ark. Code Ann. § 5-4-501(d)(2)(vi)(x) (2001).[2]  The ADC therefore correctly determined Mitchell was not eligible for parole because he pled guilty to first-degree battery—an enumerated violent felony offense, and he had a prior violent felony conviction (first-degree domestic battery) in 26CR-08-560.[3]

---

[1] The statutory provision has been recodified without substantive changes as Ark. Code Ann. § 16-93-609(b)(1)(2) since Mitchell's judgment was entered in September 2019.

[2] The statutory provision has been recodified without substantive changes as Ark. Code Ann. § 5-4-501(d)(2)(vii)(xi) since Mitchell's judgment was entered.

[3] The online state court docket confirms that, in April 2010, Mitchell pled guilty to first-degree domestic battery and was sentenced to twenty years' imprisonment.  https://caseinfonew.arcourts.gov/opad/case/26CR-08-560.

Mitchell argues his trial lawyer incorrectly advised him that he would be parole eligible after serving a half or a third of his seventeen-year sentence.  The Eighth Circuit Court of Appeals has recognized that, under certain circumstances, erroneous parole-eligibility advice can constitute deficient performance under the *Strickland* standard.  *Hill v. Lockhart,* 894 F.2d 1009, 1010 (8th Cir. 1990) (rehearing *en banc*).  But even if the trial lawyer misinformed Mitchell about his parole eligibility, the undersigned concludes Mitchell falls short of demonstrating *Strickland* prejudice based on the circumstances surrounding his plea.

The undersigned determines this is not a case like *Hill* decided by the *en banc* Circuit in a 5-4 decision.  894 F.2d 1009.  In *Hill,* the Circuit sustained the panel's determination and affirmed the district court's finding of ineffective-assistance-of-counsel, crediting the petitioner's account of his trial lawyer's erroneous parole eligibility advice and its effect on his decision to plead guilty. The Circuit relied on the district court's assessment of the petitioner's hearing testimony:  "Hill's lawyer had died by the time of the evidentiary hearing in the District Court, thus making it easier for someone to fabricate what the lawyer said, but the District Court believed Hill, and we cannot say that this determination of credibility was clearly erroneous."  894 F.2d at 1010.  In dissent, Judge Pasco M. Bowman was not convinced:  "The Court's holding that an admitted killer's first degree murder conviction must be set aside on his say-so that his now-deceased attorney's advice concerning parole eligibility misled him into accepting a plea bargain—one that clearly appears to have been in his best interests—is not required by the Constitution or by any decision of the United States Supreme Court."  *Id.* at 1010 (Bowman, J., joined Gibson, Wollman, and Magill, JJ., dissenting).   Unlike the *Hill* petitioner's lawyer, Mitchell's trial lawyer is living.   Though Mitchell's *habeas* lawyer interviewed the trial lawyer as part of the *habeas* investigation, *Doc. 39 at 3,* the amended petition does not include any admission by the trial lawyer that he offered

inaccurate parole eligibility advice.  The trial lawyer instead states only that "most of the negotiations happened in person in court." *Id.*

At the plea and sentencing hearing, the trial court asked Mitchell if he understood that, as a habitual offender committing four or more prior offenses, he was facing a sentencing range of six to sixty years' imprisonment for first-degree battery with the violent group activity enhancement in 30CR-18-261.  Mitchell responded that he understood the potential sentence. *Doc. 39-5 at 10–11.  See also* Ark. Code Ann. § 5-4-501(b)(2)(B) (Class A felony range of imprisonment with applicable habitual offender enhancement).  In 30CR-17-377, Mitchell was charged as habitual offender with committing first-degree battery, a Class B felony, in the amended information.  He was facing a sentence range of five to forty years' imprisonment.  Ark. Code Ann. § 5-4-501(b)(2)(C) (Class B felony range of imprisonment).  As part of the plea negotiations, the charge was amended to aggravated assault, a Class D felony.[4]  At the hearing, the trial court asked Mitchell if he understood that, as a habitual offender, the potential sentence for aggravated assault was up to fifteen years' imprisonment.  He responded in the affirmative. *Doc. 39-5 at 6–7.  See also* Ark. Code Ann. § 5-4-501(b)(2)(E) (Class D felony range of imprisonment).  Based on the plea agreements accepted by the trial court, Mitchell was sentenced to an aggregate term of seventeen years in 30CR-17-377 and 30CR-18-261, with the two sentences to be served concurrently with time currently being served. *Doc. 39-6.*  The undersigned concludes Mitchell's sentence exposure does not support his self-serving statement that, absent attorney error, he would not have accepted the plea agreement.

---

[4] At the plea and sentencing hearing, the prosecution stated that, pursuant to the plea agreement, the first or second-degree battery charged was amended to aggravated assault. *Doc. 39-5 at 6–7.*  The online state court docket confirms Mitchell was charged as a habitual offender with first-degree battery in the amended information in 30CR-17-377. https://caseinfonew.arcourts.gov/opad/case/30CR-17-377.

The undersigned also determines this is not a case where Mitchell can show any reasonable probability of acquittal if he had rejected the plea deal and demanded a trial. He was found beating another jail detainee, who suffered significant injuries. At the plea and sentencing hearing, Mitchell admitted committing the crime. He does not deny here that he committed the crimes or refer to any exculpating evidence.

Based on the potential sentences that Mitchell was facing in 30CR-17-377 and 30CR-18-261 combined with the overwhelming evidence of guilt in 30CR-18-261, the undersigned concludes that Mitchell does not demonstrate actual prejudice under the *Strickland* standard. He does not show a reasonable probability that the result of the plea process would have been different but for the purportedly erroneous information. The only evidence of prejudice offered by Mitchell is his bare assertion that he would not have accepted the plea agreement if he had known that he would not be eligible for parole until he served seventeen years. The plea agreement, however, allowed Mitchell to avoid a Class B first-degree battery charge in exchange for a Class D aggravated assault charge in 30CR-17-377 and to avoid the risk of being consecutively sentenced to sixty years' imprisonment in 30CR-18-261 and fifteen years' imprisonment in 30CR-17-377. Based on these circumstances, the undersigned determines Mitchell's self-serving statement alone is insufficient to carry his burden of demonstrating prejudice under the *Strickland* standard. The undersigned therefore recommends denial of the *Strickland* claim under alternative merits analysis.

On reply, Mitchell says that he is entitled to *habeas* relief because he, his trial lawyer, and the prosecutor entered into the plea agreement with the assumption that he would be eligible for parole. *Doc. 41 at 5–6.* Even if Mitchell had properly presented this argument in the *habeas* petition, the undersigned concludes that it would fail under alternative merits review. Mitchell does not point to any evidence that the prosecutor (or his trial lawyer) was unaware of Arkansas

parole eligibility statutes.  Nor does he make any argument that his guilty plea was not a voluntary and intelligent choice among the available options.  *See Hill,* 474 U.S. at 556 ("We have never held that the United States Constitution requires the State to furnish a defendant with information about his parole eligibility in order for the defendant's plea of guilty to be voluntary, and indeed such a constitutional requirement would be inconsistent with the current rules of procedure governing the entry of guilty pleas in federal court.").

C.    **Due Process**:

In Claim Two, Mitchell argues his due process right was violated when the ADC amended the first-degree battery offense classification from a Class A to a Class Y felony.  He correctly states that the judgment reflects his first-degree battery conviction was enhanced to a Class A felony based on violent group activity.  *Docs. 39-1 & 39-6.*  According to Payne, the Arkansas Department of Correction has corrected its records to reflect the correct offense classification as a Class A felony.  *Doc. 40 at 21.*  Based on the ADC New Release Date Calculation, dated August 25, 2025, and attached to Payne's response, the first-degree battery offense classification has been accurately listed as "Felony Class:  A Felony."  *Doc. 40-1.*  The undersigned therefore recommends denial of Claim Two as moot.

IV.   **Conclusion**:

IT IS THEREFORE RECOMMENDED THAT:  (1) Mitchell's amended petition be DISMISSED with prejudice, *Doc. 39*; and (2) a certificate of appealability be DENIED.

DATED this 8th day of December, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE