IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT S. MITCHELL**                                                                                          **PETITIONER**

*vs.*                                              No. 4:23-cv-00742-LPR-JTK

**DEXTER PAYNE,**
*Director, Arkansas Division of Correction*                                              **RESPONDENT**

**PETITIONER'S OBJECTIONS TO
RECOMMENDED DISPOSITION**

COMES NOW Petitioner Mitchell by his attorney Andrew Thornton, and for his objections to the recommended disposition (Doc. No. 42) would respectfully show the Court as follows:

**A.     The recommended disposition incorrectly construes Claim One as alleging ineffective assistance of counsel; instead, Claim One alleges that regular parole eligibility was a condition of Petitioner Mitchell's plea bargain.**

The recommended disposition (Doc. No. 42 at 6) construes Claim One of Petitioner Mitchell's amended petition (Doc. No. 39) as alleging ineffective assistance of counsel. This is incorrect. Instead, Claim One of the amended petition alleged that parole eligibility was a condition of his plea bargain and that he is entitled to specific performance of that condition.

The amended petition seeks "specific performance of the plea agreement he believed he bargained for: namely, regular one-third or one-half parole eligibility." (Doc. No. 39 ¶¶ 1, 39.) The amended petition alleged that trial counsel specifically informed Petitioner Mitchell that his parole eligibility was one-third or one-half (*id.* ¶¶ 15, 36), and that this parole eligibility was the specific intent of the plea bargain (*id.* ¶¶ 18, 37).

The Court should set this case for an evidentiary hearing so that Petitioner Mitchell can subpoena his trial counsel to appear and testify to confirm the facts alleged in the petition. This is

a proper purpose of an evidentiary hearing, namely "to test the truth of facts *already alleged* in the habeas petition." *Lenz v. Washington*, 444 F.3d 295, 304 (4th Cir. 2006) (emphasis in original) (citation omitted).

**B.     Even if the Court construes Claim One as alleging ineffective assistance of counsel, the recommended disposition erroneously recommends dismissal.**

Even if the Court construes Claim One as alleging ineffective assistance of counsel, the recommended disposition still errs by recommending dismissal.

The recommended disposition correctly notes that erroneous parole-eligibility advice can constitute deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. No. 42 at 9 (citing *Hill v. Lockhart*, 894 F.2d 1009, 1010 (8th Cir. 1990) (rehearing en banc)).) But the recommended disposition then distinguishes *Hill v. Lockhart* to recommend denial of an evidentiary hearing; if anything, the case for an evidentiary hearing is stronger in Petitioner Mitchell's case than in *Hill*.

In *Hill*, the dissenting opinion—on which the recommended disposition relies—laments that the prisoner's trial counsel was dead by the time of the evidentiary hearing. 894 F.2d at 1010. Hence counsel could not corroborate or contradict the prisoner's allegedly self-serving testimony about what counsel advised. *Id.* Unlike the dead trial counsel in *Hill*, Petitioner Mitchell's trial counsel is living. Hence counsel is available for an evidentiary hearing and is available to corroborate or contradict Petitioner Mitchell's allegations. An evidentiary hearing would be valuable, in other words, to test the truth of the allegations in the amended petition.

The recommended disposition further notes (at 9–10) that the amended petition does not include trial counsel's admission that he gave inaccurate parole-eligibility advice. True, undersigned counsel asked trial counsel whether he recalled what parole-eligibility advice he gave,

and trial counsel did not answer. But if the Court sets this case for an evidentiary hearing, undersigned counsel can subpoena trial counsel, and the Court can hear his answer.

The recommended disposition likewise errs by prematurely judging Petitioner Mitchell's credibility—without having the advantage of live testimony—when it adjudges his verified statement "self-serving." (Doc. No. 42 at 10, 11.) The recommended disposition recites (at 10) that the trial judge went through the usual plea colloquy confirming that Petitioner Mitchell understood the available sentencing range. The recommended disposition then makes this statement: "The undersigned concludes Mitchell's sentence exposure [i.e., 6 to 60 years on the enhanced charge of first-degree battery] does not support his self-serving statement that, absent attorney error, he would not have accepted his plea agreement." (Doc. No. 42 at 10.)

Whether to accept the plea agreement requires comparing the offer to the likely outcome at trial, but this is not just the outcome of the guilt/innocence phase—on which the recommended disposition focuses (at 11)—but also the likely sentence. Even if conviction is a *fait accompli*, a defendant might still insist on going to trial because the plea offer is higher than what he expects a jury would impose.

In this case Petitioner Mitchell was charged following participation in a jail fight. (*See* Doc. No. 39-1.) If a Hot Spring County jury were instructed that their sentence was ineligible for parole, what would they impose? More importantly, what would Petitioner Mitchell expect them to impose? The recommended disposition errs by failing to address this. But Petitioner Mitchell has stated that he would have gone to trial if he had been told he was ineligible for parole on the negotiated 17-year sentence. (Doc. No. 39 ¶¶ 25, 38.) The Court should set this case for an evidentiary hearing so that the Court can take live testimony and determine for itself the credibility, *vel non*, of Petitioner Mitchell's statement.

**C.    The recommended disposition erroneously states that Petitioner Mitchell does not contend he is eligible for parole.**

The recommended disposition also incorrectly states that "Mitchell does not contend that he is, in fact, eligible for parole." (Doc. No. 42 at 6.) Petitioner Mitchell alleged, first, that regular parole eligibility was a condition of his plea bargain, and second, that he is entitled to specific performance of that condition. (Doc. No. 39 ¶¶ 1, 15, 37, 39.) He has therefore alleged that he is eligible for parole. Indeed, Petitioner Mitchell's initial grievance was that he was eligible for parole under Ark. Code Ann. § 16-93-615. (*Id.* ¶ 28 (citing Doc. No. 12-4).)

WHEREFORE, for these reasons and those stated in his amended petition for a writ of habeas corpus (Doc. No. 39) and reply in support thereof (Doc. No. 41), Petitioner Mitchell prays this Honorable Court sustain his objections to the recommended disposition (Doc. No. 42) and grant him a writ of habeas of corpus and all other relief just and proper.

    Respectfully submitted,

    ROBERT S. MITCHELL
    Petitioner

By:   */s/ Andrew Thornton*
    Andrew Thornton, Ark. Bar No. 2016202
    Attorney at Law
    P.O. Box 13594
    Maumelle, AR 72113
    (425) 273-0907
    andrew@allwrits.com

    *Attorney for Petitioner Mitchell*

## CERTIFICATE OF SERVICE

I certify that on December 21, 2025, I electronically filed this document by CM/ECF, which will serve it upon the respondent's attorney of record.

*/s/ Andrew Thornton*