**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ROBERT S. MITCHELL**                                                                                  **PETITIONER**

V.                             CASE NO.  4:23CV00742 LPR-JTK

**DEXTER PAYNE, Director,
 Arkansas Division of Correction**                                                      **RESPONDENT**

**RESPONDENT'S OBJECTIONS TO THE RECOMMENDED
DISPOSITION**

### I. Introduction

In 2018, Petitioner Robert Mitchell was an inmate in the Hot Spring County Detention Center when he participated in the beating of another inmate.  Mitchell, who had a previous conviction of first-degree domestic battering, pleaded guilty to first-degree battery.  Mitchell subsequently brought this habeas action.  United States Magistrate Judge Jerome T. Kearney has issued a Recommended Disposition proposing this Court dismiss Mitchell's petition with prejudice and deny a certificate of appealability.  Specifically, Judge Kearney found that Mitchell's amended petition was timely filed but his claim of ineffective assistance of counsel was procedurally defaulted and, alternatively, meritless, and his due-process claim was moot.  Doc. No. 42 at 5-12.  For the reasons given below,

Respondent objects to the Recommended Disposition's conclusion that the first claim in Mitchell's amended petition is timely.

## II.     Facts and Procedural History

On August 18, 2018, Mitchell and three of his fellow inmates at the Hot Spring County Detention Center savagely attacked another inmate, Ivan Dixon, leaving Dixon with a concussion, fractured orbital bone, and lacerations on his face.  Doc. No. 39-1 at 4-5.  On September 10, 2019, Mitchell pleaded guilty in Hot Spring County Circuit Court to one count of first-degree battery, a Class B felony, in violation of Ark. Code Ann. § 5-13-201 (Repl. 2013), and the sentencing enhancement for violent criminal group activity in violation of Ark. Code Ann. § 5-74-108 (Repl. 2016).  *See* Doc. No. 12-1 at 1 (sentencing order).  The enhancement raised the classification of his first-degree batter from a Class B felony to a Class A felony.  Ark. Code Ann. § 5-74-108(b) (Repl. 2016).

Mitchell also pleaded guilty to being a habitual offender with four or more previous felony convictions.  Doc. Nos. 12-1 at 1 (showing Mitchell was sentenced as a habitual offender pursuant to Ark. Code Ann. § 5-4-501(b)), 39-5 at 9, 10-11, 15 (plea colloquy).  From a possible sentencing range of 6 to 60 years, he received a sentence of 17 years in prison.  *See* Ark. Code Ann. § 5-4-501(b)(1)(A)(ii), (2)(B) (Supp. 2017) (providing that a defendant who has

previously been convicted or found guilty of four or more felonies may be sentenced to a range of 6 to 60 years for a Class A felony).

On October 11, 2019, Mitchell received a Time Computation Summary from the Arkansas Division of Correction ("ADC") that accurately reflected the classification of his first-degree battery as a Class A felony, but in accurately reflected that he was eligible for parole on that conviction. Doc. No. 1 at 6 (entries for CR-18-261). On February 3, 2023, Mitchell received a Time Computation Summary that accurately stated that he was ineligible for parole, but inaccurately stated that first-degree battery was a Class Y felony. Doc. No. 1 at 7.

The February 3, 2023 Time Computation Summary stated that Mitchell's transfer and parole eligibility date was March 2, 2036, "as of" April 21, 2020. Doc. No. 1 at 7. Mitchell filed a grievance with the ADC on March 16, 2023. Doc. No. 12-4 at 2. On April 6, 2023, the Warden found Mitchell's grievance to be without merit. Doc. No. 12-4 at 1. Mitchell then filed another grievance on December 4, 2023. Doc. No. 12-5 at 2. On December 29, 2023, the Warden found that grievance to be meritless.[1] Doc. No. 12-5 at 1.

---

[1] This was premised on the finding that Mitchell's parole eligibility had been correctly calculated based on the fact that he was previously convicted of first-degree domestic battering. Doc. No. 12 at 3 n.2. Mitchell's parole eligibility was not based on or related to the alleged reclassification of his offense from a Class A to a Class Y felony.

3

Additionally, on May 9, 2023, Mitchell filed a *pro se* state habeas corpus petition, under Ark. Code Ann. § 16-112-101 *et seq*. in Lee County Circuit Court. *See* Doc. No. 12-6 at 3.  In support of that petition, Mitchell attached documents indicating that he asked Respondent about his parole eligibility date on January 19, 2023, and was told that it had been adjusted to March 3, 2036.  Doc. No. 12-6 at 20.  Mitchell also attached a letter from the ADC records supervisor, dated February 9, 2023, explaining to Mitchell why his parole-eligibility date had been modified, *viz*., that under Ark. Code Ann. § 16-93-609, his previous first-degree domestic battering conviction rendered him ineligible for parole.  Doc. No. 12-6 at 23.  The circuit court denied Mitchell's habeas corpus petition on the same day it was filed, May 9, 2023.  Doc. No. 12-7.

On August 10, 2023, Mitchell filed a pro se federal habeas petition alleging the ADC's listing his first-degree battery as a Class Y felony and recalculation of his parole-eligibility date were ex post fact application of parole statutes that were not in effect at the time of his offense.  Doc. No. 1 at 2, 9-15.  Pursuant to the Court's directive to file "an answer, motion or other response" to the petition, Doc. No. 9, Respondent moved to dismiss Mitchell's petition, Doc. No. 11, making three arguments in support: (1) Mitchell's claims were time-barred by AEDPA's one-year statute of limitations, (2) Mitchell's claims were procedurally defaulted, and (3) Mitchell's claims were not cognizable grounds for issuance of the writ.

4

Doc. No. 12 at 4-10.  Respondent requested leave to plead further in the event the Court ruled that it could reach the merits of Mitchell's claim.  *Id*. at 10.

Mitchell filed a response, styled a motion to submit written objections, as well as a motion to amend his response.  Doc. Nos. 16, 18.  In response to Respondent's noting the ADC found Mitchell's parole eligibility to have been correctly calculated, Mitchell argued that the subsection of the habitual-offender statute he was sentenced under, Ark. Code Ann. § 5-4-501(b), did not provide for a finding of parole ineligibility, but only an enhanced term-of-years sentencing range.  Doc. Nos. 16 at 3-4, 18 at 4-5.  Mitchell pointed out that the only provision of § 501 that bars parole eligibility, § 501(d), requires the defendant to have been convicted of *two* or more previous violent felony convictions—and he'd only been convicted of one.  *Id*. at 4-6.  Mitchell urged that the ADC's determination that he was ineligible for parole was a misapplication of Arkansas's parole laws and violated the Arkansas Constitution's separation-of-powers provision.  *Id*. at 4.

Mitchell also argued that the Time Computation Summary listing his first-degree battery as a Class Y felony was tantamount to resentencing him, which violated the separation of powers under the Arkansas Constitution.  Doc. No. 18 at 5, 8. Mitchell also alleged for the first time that his plea agreement provided that the state sentencing court would order that he be eligible for parole when he pleaded guilty to first-degree battery.  Doc. No. 16 at 2.  In support of that

5

assertion, Mitchell attached a copy of the plea statement filed in state court and the state circuit judge's docket notes memorializing his September 2019 guilty plea. Doc. No. 18 at 10-12. Neither of those documents, however, addressed parole eligibility at all. *See id.*

The Court subsequently denied Respondent's motion to dismiss and ordered Respondent to file a formal response pursuant to Habeas Rule 5. *See* Doc. Nos. 26, 27. Respondent then filed a response arguing that Mitchell's claims were procedurally defaulted and not cognizable grounds for issuance of the writ. Doc. No. 29. Mitchell filed a motion for appointment of counsel, which was granted. Doc. Nos. 30, 34. The Court ordered submission of Mitchell's plea agreement, evidence of plea negotiations, and transcripts of Mitchell's plea colloquy and sentencing proceedings. Doc. No. 34 at 3-4.

After being appointed counsel, Mitchell was granted leave to file an amended habeas petition raising two claims: (1) a breach of his plea agreement based on the allegation that counsel told him he would be eligible for parole if he pleaded guilty to first-degree battery, and (2) the ADC's listing his first-degree battery conviction as a Class Y felony instead of a Class A felony was a due process violation. Doc. No. 39 at 6-7. Mitchell's requested relief was (1) "an order requiring specific performance of the plea agreement he believed he bargained for," and (2) "an order requiring Respondent Payne to correct his files to

show that this offense is a class A felony, not a class Y felony." Doc. No. 39 at 1-2.

Respondent filed a response, arguing Mitchell's first claim was time-barred, unexhausted, not cognizable grounds for the writ, and meritless; and his second claim was moot, as the ADC had corrected its records to accurately reflect his first-degree battery as a Class A felony. Doc. No. 40 at 10-21. The Court then entered the pending Recommended Disposition, finding Mitchell's claims were timely because they related back to his timely, *pro se* petition; Mitchell's first claim was actually one of ineffective assistance of counsel because his attorney advised him he would be parole eligible and was inexcusably procedurally defaulted and, alternatively, meritless; and Mitchell's second claim was moot because the ADC had corrected its records to accurately reflect the classification of Mitchell's first-degree battery as a Class A felony. Doc. No. 42 at 5-12. Respondent respectfully objects to the Recommended Disposition's findings that Mitchell's first claim related back to his timely, *pro se* petition.[2]

---

[2] Mitchell has objected to the Recommended Disposition's classifying his first claim as one of ineffective assistance rather than the breach of his plea agreement. Doc. No. 43 at 1-2. Respondent is objecting to the Recommended Disposition's finding that Mitchell's first claim is timely, and that objection applies whether the claim is one of ineffective assistance or the breach of a plea agreement. But, if this Court agrees with Mitchell and determines that his first claim is one raising a breach of his plea agreement, not ineffective assistance, then that claim is also unexhausted, not cognizable in this proceeding, and meritless for the reasons Respondent has previously articulated. *See* Doc. No. 40 at 16-20.

### III. Discussion and Objections

A. **The Recommended Disposition erroneously concludes Claim 1 relates back to Mitchell's timely, *pro se* petition.**

Respondent argued in his response to Mitchell's amended petition that Claim 1 was time-barred under AEDPA's statute of limitations, 28 U.S.C. § 2244(d), because it did not relate back to Mitchell's timely, *pro se* petition. Doc. No. 40 at 14-16. Under Federal Rule of Civil Procedure 15(c), an amendment to a pleading that would otherwise be untimely relates back to the filing date of the original pleading if "the amendment asserts a claim… that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). To relate back in the habeas context, the original and amended claims must be "tied to a common core of operative facts[.]" *Mayle v. Felix*, 545 U.S. 644, 664 (2005). The new claim "must be of the same 'time and type' as those in the original [petition], such that they arise from the same core set of operative facts." *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010).

As the Recommended Disposition notes, Mitchell's original *pro se* petition raised allegations that the ADC altered the offense classification of Mitchell's first-degree battery conviction and incorrectly applied parole eligibility statutes. Doc. No. 42 at 5-6. Mitchell's amended petition also alleged that the ADC altered the offense classification of Mitchell's conviction, and Respondent has no qualm with

the conclusion that *that* claim in Mitchell's amended petition related back to the identical claim in his original *pro se* petition. But the other claim in Mitchell's amended petition is that his attorney failed to correctly advise him regarding parole eligibility when entering his plea. As the Recommended Disposition notes, this claim is not challenging the ADC's actions. Despite this, the Recommended Disposition makes a conclusory finding that "both claims in the amended petition share a common core of facts with their counterparts in the original petition and that the facts alleged in the original petition were sufficiently specific to provide the required notice… [and] that the amended claims relate back to the original petition and therefore are timely filed." Doc. No. 42 at 6. This was error.

Contrary to the Recommended Disposition's conclusion, Mitchell's original claim that the ADC changed his parole eligibility in the midst of his incarceration was not "sufficiently specific to provide the required notice" of the factual basis for his subsequent ineffective-assistance claim. Doc. No. 42 at 6; *see Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (facts alleged in original pleading must be specific enough to put the opposing party on notice of the factual basis for the claim raised in a subsequent, amended pleading). At no point in his original petition did Mitchell raise any facts regarding the conduct of his trial counsel or the facts surround his guilty plea—facts that would have at least provided some notice to Respondent that an ineffective-assistance claim could be on the horizon. *See*

9

*Beson v. Wells Fargo Bank, N.A.*, No. CIV-16-5061-JLV, 2017 WL 2772119, *13 (D. S.D. June 26, 2017) ("The court finds a close reading of plaintiff's RICO claim reveals it relies on an 'entirely distinct set' of facts and a legal theory for which defendant lacked notice."). Respondent had no reason to expect an ineffective-assistance claim regarding inaccurate parole advice when Mitchell's entire argument in his original petition was that he was, in fact, parole eligible. The only inference to take from Mitchell's original petition is that, if counsel advised him regarding parole eligibility, Mitchell saw that advise as *accurate*, not inaccurate.

Moreover, the two claims are contradictory to each other. Mitchell's original claim was predicated on the alleged fact that he was statutorily entitled to parole eligibility. Doc. No. 1 at 9-13. However, Mitchell's claim of ineffective assistance in his amended petition is predicated on the alleged fact that he was *not* entitled to parole eligibility—i.e., his attorney was ineffective for advising him he was parole eligible when that was not the case. Doc. No. 39 at 6. Axiomatically, an attorney cannot be ineffective for providing accurate advice regarding parole eligibility.

Mitchell's original claim and amended claim therefore rely on facts mutually exclusive to each other—his first requires a finding that he was legally entitled to parole eligibility, and his second requires a finding of the opposite. Where claims in an original petition and amended petition require findings of fact exclusive to

10

each other, they do not arise out of the same set of operative facts, and the amended petition does not relate back. *See Taylor v. United States*, 792 F.3d 865, 871 (8th Cir. 2015). Accordingly, the Recommended Disposition erroneously concluded that Mitchell's ineffective-assistance claim in his amended petition related back to his claim that the ADC incorrectly determined his parole eligibility. It does not, and Mitchell's ineffective-assistance claim is untimely.

    WHEREFORE, Respondent respectfully prays this Court reject the proposed findings of the Recommended Disposition that he has objected to.

                  Respectfully submitted,

                  TIM GRIFFIN
                  Attorney General

                  BY: WALKER K. HAWKINS
                  Arkansas Bar No. 2018148
                  Assistant Attorney General
                  101 West Capitol Avenue
                  Little Rock, Arkansas 72201
                  (501) 682-8112 [phone]
                  (50l) 682-2083 [fax]
                  walker.hawkins@arkansasag.gov

                  **ATTORNEYS FOR RESPONDENT**